UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF
TATIANA AKHMEDOVA,

      Applicant,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.

Civil Action No. _____

**[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION
FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782**

  This matter comes before the Court by an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782 (the "Application") filed by Applicant Tatiana Akhmedova.  Having reviewed the Application; its supporting memorandum, the Declarations of James H. Power, dated January 16, 2019, as well as the exhibits thereto, the Court is satisfied that the production of documentation is warranted pursuant to 28 U.S.C. § 1782, and the Court hereby ORDERS as follows:

1. The Application is GRANTED.

2. Applicant is authorized to issue and serve subpoenas on American Express Bank Ltd New York, Bank of America, N.A., Bank of New York Mellon, BNP Paribas S.A., Barclay's Bank PLC, Citibank, N.A., Commerzbank AG, Credit Suisse Deutsche Bank AG, HSBC Bank (USA) N.A., J.P. Morgan Chase Bank, N.A., Societe Generale, Standard Chartered Bank, UBS AG and Wells Fargo Bank N.A (the "**New York Banks**") for the production of the following documents:

  A. For the period beginning January 1, 2015 to the present, copies of all wire transfer records processed by the New York Banks, as intermediary or correspondent banks,

where any of the following entities (the "**Discovery Subjects**") is an originator, beneficiary, or is otherwise referenced in the wire transfer:

i. Farkhad Akhmedov;

ii. Cotor Investment, S.A.;

iii. Qubo 1 Establishment;

iv. Qubo 2 Establishment;

v. Straight Establishment;

vi. Avenger Assets Corporation;

vii. Woodblade Limited;

viii. Tiffany Limited - (Isle of Man);

ix. Lucy Limited - (Isle of Man);

x. Carolina Limited - (Isle of Man);

xi. Equiom (Isle of Man) Limited – Isle of Man;

xii. Starspeed Limited ;

xiii. WalPart Trust – Liechtenstein;

xiv. Counselor Trust – Liechtenstein;

xv. Stern Management Corp – Panama;

xvi. Sunningdale Ltd – Cyprus;

xvii. Sedell Finance Ltd – BVI;

xviii. The Akhmedov 2013 Discretionary Trust – Bermuda.

xix. WalPart Trust;

xx. Counselor Trust;

B.     For the period beginning January 1, 2015 to the present, identify any bank accounts in the name of and/or held beneficially for any of the Discovery Subjects, and provide the full records thereof, specifically including copies of present and historical account balance information, and records of incoming and outgoing payments.

C.     For the period beginning January 1, 2015 to the present, identify any accounts, loans, lines of credit or other funding arrangements to any of the Discovery Subjects, and provide full records thereof.

D. For the period beginning January 1, 2015 to the present, copies of all wire transfer records processed by the New York Banks, as intermediary or correspondent banks, where any of the following entities is an originator, beneficiary, where the term "LUNA" and/or "IMO 1010222" is included in the reference of the wire transfer:

    i) Y.Co. S.A.M.;

    ii) Y.Co. Group Plc;

    iii) Y.Co. Group Limited;

    iv) Russel Stockil;

    v) Yves Damette;

    vi) Charles Birkett;

    vii) Luna Crew IC Limited;

    viii) Trident Trust Company (Guernsey) Limited;

    ix) Mubarak Marine LLC;

    x) The Shipowner's Mutual P&I Association (Luxembourg);

    xi) Lloyd's Register.

2. The New York Banks shall produce the documents requested in their respective subpoenas within fourteen (14) days of service of the subpoena.

3. The New York Banks shall preserve documents and evidence, electronic or otherwise, in their possession, custody, or control that contain information potentially relevant to the subject matter of the Applicant's document request.

4. Notice of the discovery authorized by this Order need not be provided to any of the individuals named as a party in the Foreign Proceedings until the responsive documents are produced by the New York Banks however notice shall be provided to counsel for the parties in the Foreign Proceedings prior to the use or submission of any information obtained pursuant to this Order.

5. The Court shall retain jurisdiction over the matter for the purpose of enforcement this Order, as appropriate, and assessing any supplemental request for discovery assistance by Applicant.

6. A copy of this Order shall be served with each discovery demand.

SO ORDERED.

Dated: New York, New York
       January ___, 2019

_____
UNITED STATES DISTRICT JUDGE