

Jason Kislin, Esq.
Tel 973.360.7900
kislinj@gtlaw.com

September 16, 2019

**VIA ECF**
Honorable J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *In re Application of Tatiana Akhmedova*
                 **Civil Action No. 1:19-mc-00026 (JPO)**

Dear Judge Oetken:

      We represent non-party Farkhad Akhmedov ("Mr. Akhmedov")[1] in connection with the above-referenced action, and write pursuant to Your Honor's Individual Motion Practices and Rules to respectfully request permission to file a motion to quash any and all Subpoenas issued by plaintiff, Tatiana Akhmedova, pursuant to Your Honor's January 18, 2019 Order granting *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782 [Dkt. No. 5], and April 24, 2019 Order Granting Plaintiff's Supplemental *Ex Parte* Application for Discovery [Dkt. No. 11]. Plaintiff's *ex parte* application for discovery failed to advise the Court of all pertinent facts and the nature of the pending proceedings – including failure to advise the Court of a prior now-pending action filed by Plaintiff on June 15, 2018 in the Supreme Court of New York, County of New York, which involves the same subject matter. Mr. Akhmedov respectfully submits that, had the Court been fully advised of all relevant facts and information, it would not have granted Plaintiff's application for discovery and would have deferred to the state court.

      Meanwhile, Plaintiff has attempted unsuccessfully to obtain related attachment relief in this Court (Buchwald, D.J.), which casts the bona fides of Plaintiff's Section 1782 application into further question. Ultimately, Judge Buchwald found that "the Court is not persuaded that it has subject matter jurisdiction." (A copy of Judge Buchwald's order is attached hereto as Exhibit A.)

---

[1] This firm enters an appearance on behalf of Mr. Akhmedov for the limited purpose of opposing Plaintiff's application for discovery pursuant to 28 U.S.C. § 1782 and to seek the relief set forth herein, and does not otherwise consent to or concede that this Court has personal jurisdiction over Mr. Akhmedov. To the contrary, this Court does not have personal jurisdiction over Mr. Akhmedov who resides in Azerbaijan and who does not conduct or transact any business in New York or anywhere else in the United States. Judge Buchwald has held as much in her earlier ruling involving these same parties. *See* Exhibit A.

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY·
MIAMI
MILAN**
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL~
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TOKYO¤
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNTY
WEST PALM BEACH

* OPERATES AS
  GREENBERG TRAURIG MAHER LLP
· OPERATES AS
  GREENBERG TRAURIG, S.C.
~ STRATEGIC ALLIANCE
** OPERATES AS
   GREENBERG TRAURIG LLP
   FOREIGN LEGAL CONSULTANT OFFICE
^ A BRANCH OF
  GREENBERG TRAURIG, P.A.,
  FLORIDA, USA
¤ OPERATES AS
  GREENBERG TRAURIG HORITSU JIMUSHO
· OPERATES AS
  GREENBERG TRAURIG GRZESIAK SP.K

GREENBERG TRAURIG, LLP ▪ ATTORNEYS AT LAW ▪ WWW.GTLAW.COM
500 Campus Drive, Suite 400 ▪ Florham Park, New Jersey 07932 ▪ Tel 973.360.7900 ▪ Fax 973.301.8410

Honorable J. Paul Oetken
September 16, 2019
Page 2

In sum, the Subpoenas are improper and should be quashed.

### A.     Background

This action, as well as all of the other pending actions referenced in Plaintiff's application, arises out of the divorce proceedings between Plaintiff and her former husband, Mr. Akhmedov. Plaintiff commenced the divorce proceeding in October 2013 by filing a divorce petition in the United Kingdom. After many years of litigation, the UK court issued two money judgments (the "English Judgments") in favor of Plaintiff.

Plaintiff thereafter commenced this action on January 16, 2019 by filing an *ex parte* application for discovery pursuant to 28 U.S.C. § 1782. Plaintiff seeks to obtain discovery in the form of subpoenas to be served on banks and financial institutions located within the Southern District of New York, for the production of allegedly relevant documents in the possession, custody and/or control of American Express Bank Ltd New York, Bank of America, N.A., Bank of New York Melon, BNP Paribas S.A., Barclay's Bank PLC, Citibank, N.A. Commerzbank AG, Credit Suisse Deutsche Bank AG, HSBC Bank (USA) N.A., J.P. Morgan Chase Bank, N.A., Societe Generale, Standard Chartered Bank, UBS AG and Well Fargo Bank N.A. (collectively, "New York Banks"). In support of the application, Plaintiff alleges that she sought discovery for "initial and immediate use" in "pending proceedings in the Republic of the Marshall Island (Case No. 2018-169), as well as for potential use in other pending Foreign Proceedings."

Plaintiff, however, failed to advise this Court of her already pending action in the Supreme Court of New York, County of New York, Index No. 155688/2018 (the "NY State Court Action"), which she commenced over one year ago. Plaintiff commenced the NY State Court Action on or about June 15, 2018, by filing a Motion for Summary Judgment in Lieu of Complaint in which she sought an order recognizing the English Judgments pursuant to CPLR §§ 3213 and 5303. On December 14, 2018, Mr. Akhmedov opposed Plaintiff's motion and filed a cross-motion to dismiss, on grounds that New York courts do not have personal jurisdiction over Mr. Akhmedov, and further asserting two substantive grounds for refusal to recognize the English Judgments – including proceedings currently pending in Russia challenging said judgments. On reply, Plaintiff argued that the Court should order limited jurisdictional discovery to determine whether Defendant has assets located within the jurisdiction. On March 19, 2019, the parties appeared before the Honorable Debra A. James for a hearing on Plaintiff's motion and Mr. Akhmedov's cross-motion. The Court has not yet issued a decision, and both motions remain pending. In other words, Plaintiff has already sought the relief it now requests from the state court and the question is *sub judice* there.

On January 18, 2019, just one day after Plaintiff's motion was deemed fully submitted in the NY State Court Action, and unknown to Mr. Akhmedov (as this proceeding was not disclosed to him or to the state court), this Court granted Plaintiff's application, and authorized Plaintiff to issue and serve subpoenas on the New York Banks [Dkt. No. 5].

Honorable J. Paul Oetken
September 16, 2019
Page 3

### B. Plaintiff Cannot Meet The Statutory Requirements for Section 1782 Discovery

28 U.S.C. § 1782 permits federal district courts to authorize certain persons to take discovery in aid of foreign proceedings. The statute imposes three separate requirements: (1) that "the person from whom discovery is sought resides" in this district, (2) that "the discovery is for use in a foreign proceeding before a foreign tribunal," and (3) that the application is made by an "interested person." *See* 28 U.S.C. § 1782.

Plaintiff's application should have been denied because she does not satisfy the second statutory requirement: that the discovery be for use in a foreign proceeding. "Not all foreign matters are 'proceedings' within the meaning of section 1782. Rather, section 1782 discovery is available in aid of 'adjudicative' foreign proceedings, and is inappropriate where the merits of a controversy have already been decided by the foreign tribunal." *In re Galaxy Energy and Resources Co. Pte Ltd.*, 2019 WL 2743205, at *1 (S.D.N.Y. July 1, 2019). In other words, adjudicative proceedings are pre-judgment proceedings. *Id.* Post-judgment enforcement proceedings, such as Plaintiff is attempting here, are not adjudicative within the meaning of Section 1782. *Id.*

Here, each of the foreign proceedings described in Plaintiff's application arise out of and are directly related to Plaintiff's attempts to recognize and enforce two English Judgments. In fact, Plaintiff admits that she commenced the RMI litigation (Case No. 2018-169) "seeking to recognize and enforce two English Judgments pursuant to the Uniform Foreign Money-Judgments Recognition Act." [Dkt. No. 3, ¶ 19.][2] Plaintiff further admits that she commenced the Dubai Proceedings "[f]ollowing the issuance of the English Judgments . . . for recognition of the English Judgments[.]" [*Id.*, ¶ 17.] Plaintiff also alleges that "discovery obtained here will be used . . . to make additional motions to add judgment debtors" in the UK Action. [*Id.*, ¶ 2(3).] None of these foreign proceedings are "adjudicative." *See In re Galaxy*, 2019 WL 2743205, at *1 ("the only types of foreign proceedings that Galaxy identifies as ones for which it seeks discovery are '[r]ecognition and enforcement' and '[a]ttachment and garnishment' proceedings with respect to the arbitration award that has determined the merits of its dispute . . . Such proceedings are not 'adjudicative.'").

Plaintiff does not seek discovery for aid in any adjudicative foreign proceeding; rather, Plaintiff impermissibly seeks discovery for the purpose of enforcing the English Judgments. Plaintiff's *ex parte* application should not have been granted, this Court lacks jurisdiction to grant Plaintiff the relief she sought and the Subpoenas to the New York Banks should not have been issued.

---

[2] Further, it appears that the RMI litigation has concluded. Specifically, on September 12, 2019, the RMI court issued a decision and order granting in part and denying in part Plaintiff's motion for summary judgment. As the RMI litigation has now concluded, any argument that Plaintiff seeks discovery for use in the RMI litigation must be rejected as moot.

Honorable J. Paul Oetken
September 16, 2019
Page 4

      **C.**      **Plaintiff's Application is an Effort to Circumvent the Discovery Rules of the New York State Court and Obtain Discovery for Purposes of Furthering Their New York Action**

      Plaintiff has improperly filed this action in an attempt to circumvent the proper procedure for obtaining discovery (if the court determines she is entitled to any such discovery) in the already-pending NY State Court Action. Indeed, in the NY State Court Action Plaintiff requested the same relief that she now seeks before this court – namely, discovery into whether Mr. Akhmedov has assets in this jurisdiction. Rather than waiting for the court's decision in the NY State Court Action, Plaintiff commenced this separate action – all while concealing from this court the existence of the NY State Court Action. As there are no foreign adjudicatory proceedings pending, Plaintiff's purpose in filing this action are dubious, at best.

      It seems apparent that Plaintiff is attempting an end-run around the New York State Court proceeding through the submission of this, otherwise improper, request for discovery pursuant to 28 U.S.C. 1782. Courts in this Circuit have determined that such bad faith efforts to circumvent U.S. discovery procedures alone justify the denial of a request made under 28 U.S.C. 1782. "Indeed, courts in this Circuit have instructed that, 'if the district court determines that a party's discovery application under Section 1782 is made in bad faith, for the purpose of harassment, or unreasonably seeks cumulative or irrelevant materials, the court is free to deny the application in toto, just as it can if discovery was sought in bad faith in domestic litigation.'" *See In Re Application of Postalis*, 2018 WL 6725406, *5 (S.D.N.Y. Dec. 20, 2018) quoting *In re Application Pursuant to 28 U.S.C. Section 1782 for an Order Permitting Christen Sveaas to Take Discovery from Dominique Levy, L & M Galleries & other non-participants for use in Actions Pending in the Norway*, 249 F.R.D. 96, 107 (S.D.N.Y. 2008); *see also Application of Auto-Guadeloupe Investissement S.A.*, 2012 WL 4841945 (S.D.N.Y. Oct. 10, 2012) (granting, in part, a motion to quash a subpoena issued pursuant to section 1782 because the plaintiff failed to disclose certain related proceedings that tended to demonstrate that the applicant "may have tried to circumvent some of the safeguards instituted in the United States to prevent discovery from becoming a vehicle for unwarranted expense and harassment.").

      Plaintiff should not be allowed to avoid the New York State Court proceeding and its request for jurisdictional discovery there – which has yet to be ruled on – by seeking information pursuant to 28 U.S.C. 1782. And, for this additional reason, any subpoenas that have been issued should be quashed.

      **D.**      **The Court Should Prohibit Plaintiff From Using Any Documents Or Information Acquired Pursuant to the Court's Order, In Any Pending Or Future Proceeding**

      In light of the fact that Plaintiff obtained the January 18 and April 24 Orders improperly, including through misrepresentations to this Court, Mr. Akhmedov respectfully submits that the Court should vacate the Orders, and further enter a protective order requiring Plaintiff to notify the subpoenaed parties of the vacatur, immediately return any and all documents improperly

Honorable J. Paul Oetken
September 16, 2019
Page 5

obtained pursuant to the Subpoenas, and prohibiting Plaintiff from using any improperly obtained information in any pending or future proceeding. *See* Fed.R.Civ.P. 60(b)(3) (authorizing a court to relieve a party from a final judgment, order or proceeding for fraud, misrepresentation, or misconduct by an opposing party); *see also Petition of Devlas*, 31 F.R.D. 130, 132 (S.D.N.Y. 1962) (noting that Rule 60(b) "is to be liberally construed as a grant of power to a court to vacate a judgment when such action is appropriate to accomplish justice.") (internal citations omitted). Additionally, "[a] party, for good cause, may also ask the § 1782 court to enter a protective order prohibiting use, in the United States proceedings, of documents obtained under the statute." *Glock v. Glock*, 797 F.3d 1002 (11th Cir. 2015) (acknowledging that a § 1782 applicant could attempt to abuse the statute to obtain documents outside the discovery procedures set forth in the applicable rules, and that parties concerned that an applicant "is attempting to use foreign litigation as a ruse for obtaining discovery in the United States without complying with the usual procedures . . . can and should bring evidence of such chicanery to the §1782 court's attention."). Plaintiff should not be permitted to benefit in any way by using information obtained by wholly improper means. *See e.g., McKersie v. IU Int'l Corp.*, 1987 U.S. Dist. LEXIS 6734, at *7 (N.D. Ill. July 9, 1987) (out of plaintiffs' concerns that "discovery sought in this case is just a pretext to discover evidence for the *Russell* plaintiffs to use in their case . . . to protect against such improper use of discovery, this protective order will extend to prohibit the use in the *Russell* litigation of any evidence obtained through discovery in this case.").

For all of the reasons set forth herein, because Plaintiff cannot meet the statutory requirements for Section 1782 discovery, Mr. Akhmedov respectfully requests permission to file a motion to quash any and all Subpoenas issued to the New York Banks and for the immediate return and destruction of any and all documents and information improperly obtained by Plaintiff pursuant to said Subpoenas. Mr. Akhmedov further submits that Plaintiff should be required to provide Mr. Akhmedov with a copy of all of the docket entries currently under seal.[3] Given Plaintiff's clear misuse of Section 1782, the Court can and should vacate the orders based on this submission (including any letter response and reply) alone.

Respectfully submitted,

*s/Jason H. Kislin*
Jason H. Kislin

cc:     Counsel of Record

---

[3] Here, the documents under seal are Plaintiff's supplemental application for discovery, as well as this Court's order granting the same. [Dkt. Nos. 7-11, 13, 14.] Plaintiff cannot claim any privacy interests in the sealed documents, which directly concern and implicate Mr. Akhmedov. Indeed, this proceeding is just one more step in a pattern of harassment of Mr. Akhmedov and he should be entitled to know the basis on which Plaintiff's application was granted, particularly where one District Court Judge has already found the absence of subject matter jurisdiction in a related case between the parties.

# EXHIBIT A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/29/19
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
TATIANA AKHMEDOVA,

          Plaintiff,

    - against -

FARKHAD AKHMEDOV, and STRAIGHT
ESTABLISHMENT,

          Defendants.
----------------------------------------X

              O R D E R

            19 Civ. 7966(NRB)

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Having reviewed the First Amended Verified Complaint and the exhibits annexed thereto, the Court is not persuaded that it has subject matter jurisdiction.  See 28 U.S.C. § 1333.

    The plaintiff is hereby granted leave to submit a memorandum of law to persuade the Court otherwise.  If no such memorandum of law is received within thirty days of this order, the above-captioned action will be dismissed without prejudice.

    **SO ORDERED.**

Dated:    New York, New York
           August 29, 2019

                                            NAOMI REICE BUCHWALD
                                            UNITED STATES DISTRICT JUDGE