# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

James H. Power
+1 212-513-3494
James.Power@hklaw.com

September 18, 2019

*Via ECF*

Hon. J. Paul Oetken
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *In re Tatiana Akhmedova*, Case No. 19-mc-26
              Request to Extend Temporary Sealing Order

Dear Judge Oetken:

      We are counsel for Applicant Tatiana Akhmedova ("Applicant" or "Ms. Akhmedova") in the above-captioned action. We write in response to Farkhad Akhmedov's ("Farkhad") letter dated September 16, 2019 (Dkt. 17) requesting permission to file a motion to quash the subpoenas served on various New York Banks pursuant to discovery orders which were properly issued in this case.

      As this Court is aware, Applicant has filed in this action two requests for orders permitting discovery in aid of certain foreign proceedings pursuant to 28 U.S.C. § 1782. In support of its applications, Ms. Akhmedova set forth in detail the purpose of her two discovery requests, including the pending and contemplated foreign proceedings, and the contemplated use in those proceedings of the information she sought to obtain. This Court considered those submissions, and accordingly entered the discovery orders, finding that the requirements of 28 U.S.C. § 1782 had been met.

      Additionally, because of the well-documented evasionary tactics employed by Applicant's ex-husband Farkhad and his alter ego entities, some of which are defendants in the foreign proceedings, plaintiff sought discovery orders which limited the notice requirement normally applicable under Fed. R. Civ. P. 45, and temporarily sealing the supplemental discovery application in order to avoid rendering certain *ex parte* foreign proceedings moot.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Philadelphia | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

September 18, 2019
Page 2

I.      **The 28 U.S.C. § 1782 Discovery Orders Were Sought in Aid of Adjudicative Foreign Proceedings**

As set forth in Ms. Akhmedova's initial application for a discovery order, filed on January 16, 2019, in a pending action before the Republic of the Marshall Islands (the "RMI Action") (Case No. 2018-169) Chief Justice Carl Ingram entered an order on January 3, 2019 providing for discovery with respect to a pending summary judgment motion before him, which included whether Farkhad and the corporate defendants in the RMI Action were alter egos such that it was proper that the English Court exercised jurisdiction over those entities as alter egos. Dkt. 3-1 at Ex. 1. Additionally, as this is a complex, multi-jurisdictional case, Applicant also provided details to this Court of other pending foreign litigations in which the discovery requested pursuant to Section 1782 might also be useful, including in Dubai, the United Kingdom, the Isle of Man, Liechtenstein and the RMI.

As Farkhad's counsel notes, the RMI recently issued judgment against Farkhad's alter ego and discovery target Straight Establishment, recognizing the English Judgments on September 12, 2019. However, the later issuance of a judgment does not render the discovery order at the time it was issued as improper. The RMI Action was pending at the time of this Court's January 18, 2019 discovery order, which was properly issued in aid of the RMI's court's order directing discovery. Furthermore, counsel's representation that the "RMI litigation has concluded" is false in any event, where RMI counsel has already represented that Farkhad's alter ego Straight Establishment intends to file an immediate appeal. In addition, there is a second RMI Action (as noted in Applicant's papers), Case No. 2018-168, which is a Supplemental Rule D maritime action filed by Applicant to determine the petitory and possessory rights over Straight Establishment's sole asset, the vessel M/Y LUNA (flagged in the RMI). That action has been stayed since August 2018 but it is anticipated that it will be unstayed now that judgment has been issued in the related RMI case.

Farkhad's suggestion that the RMI Action was not adjudicative in nature because it sought recognition of the underlying English Judgments is based on a single, overruled case. The *In re Galaxy*, 2019 WL 2743205 (S.D.N.Y. July 1, 2019) cited by Farkhad was later reversed on a motion for reconsideration, wherein the applicant in that action successfully argued that in some instances an action to enforce a judgment may be considered adjudicative. *See In re Galaxy*, Case No. 19-mc-287 (S.D.N.Y.)(LTS) (Dkt. 10) (noting specifically that judgment enforcement would involve issues related to ownership, conveyance or hiding of judgment debtor's assets). In response, Judge Swain reversed herself and entered an order permitting Section 1782 discovery in support of the foreign adjudicative judgment enforcement action. *Id.* at Dkt. 11 (July 22, 2019). The basis for the July 22, 2019 *Galaxy* order granting Section 1782 discovery is consistent with the facts of this case.

While, as Judge Swain recognized, certain judgment recognition or enforcement actions may not be adjudicative to the extent they seek merely the ministerial registration of a judgment, here, Farkhad's alter egos Straight Establishment and Qubo 2 Establishment had appeared and were actively adjudicating summary judgment before the RMI Court, who issued a discovery order

September 18, 2019
Page 3

to assist it in ruling on certain issues before it. Additionally, the other contemplated and pending foreign proceedings noted in the initial discovery application were also adjudicative, such as the vessel arrest action pending in Dubai (in which Straight has now filed its own claim for damages against Ms. Akhmedova for loss of charter hire while the LUNA has been in Dubai enjoined from leaving by the Dubai arrest and RMI preliminary injunction).

Later, on April 23, 2019, Applicant filed a supplementary request for discovery based on information obtained as a result of the first discovery order. In its application, Applicant provided an update to this Court on the status of the RMI Actions, including the violations undertaken by Farkhad to violate the preliminary injunction issued by that Court with respect to the M/Y LUNA, and the possible need to adjudicate those violations and seek further protections in the RMI Court. Additionally, Applicant set forth contemplated litigation in the High Court of England where Applicant would seek to expand the English Judgments previously entered, against additional alter egos of Farkhad discovered as a result of the first Section 1782 discovery order, and seeking an *ex parte* asset freeze of the newly added judgment debtors Counselor Trust and Sobaldo Trust. Applicant notes that on July 17, 2019 the *ex parte* actions were filed in the English Court, provisional relief obtained on August 15, 2019, which was thereafter served on the parties to that action.[1] A true and correct copy of the English Order is attached hereto for the Court's reference.

The addition of judgment debtors is inherently adjudicative (indeed, a hearing has been set for Counselor and Sobaldo to appear and contest the *ex parte* relief), as is litigation in the RMI concerning Farkhad's violation of the preliminary injunction against him and his alter egos. Courts have also noted that asset-freeze actions such that the one filed in the English Court are adjudicative, as they require the claimant to prove its underlying claims. *JSC MCC EuroChem v. Chauhan*, 2018 WL 3872197, 17-mc-00005, *11- 12 (M.D.Tenn. Aug. 8, 2018).

**II.     The Pending Actions in the United States are Irrelevant to the Discovery Requests**

While there has been a judgment recognition action pending in New York Supreme Court since June 2018 (Index. No. 155688/18), that action is irrelevant to the Section 1782 discovery requests which were in direct relation to; 1) the foreign proceeding pending in the RMI where a discovery order was expressly issued, 2) the *ex parte* proceedings and provisional relief sought in the English Court, and 3) various other foreign proceedings in Dubai and Liechtenstein.

As argued by Applicant before the New York Court, personal jurisdiction over Farkhad is not required for recognition of a foreign judgment under *Abu Dhabi Commercial Bank PJSC v. Saad Trading, Contracting & Financial Servs. Co.*, 117 A.D.3d 609 (1st Dept. 2014). Accordingly, jurisdictional discovery, though requested, was not central to Applicant's argument in that case. The suggestion that this action was filed to circumvent the pending request for jurisdictional discovery in the State Court action is also incorrect where Ms. Akhmedova already

---

[1] Applicant respectfully submits that now that the *ex parte* relief in the English Court has been obtained and served on the relevant parties, this Court may unseal Dkts. 7, 7-1, 8, 8-1, 9 and 11.

September 18, 2019
Page 4

has a right to immediate discovery in that action through N.Y. CPLR § 3120 (allowing for issuance of a subpoena *duces tecum* immediately "[a]fter commencement of an action").  Ms. Akhmedova merely noted in her opposition to Farkhad's motion to dismiss that the action should not be dismissed before jurisdictional discovery is able to take place, if the Court deems personal jurisdiction to be relevant to the merits of judgment recognition.

Tellingly, Farkhad submitted a sworn declaration in the New York State court case, and counsel represents again in its pre-motion letter, that Farkhad does not conduct or transact business in New York or the United States, or that he does not maintain assets in the jurisdiction.  This information, as a result of the discovery obtained in this action, has been demonstrated to be false.  This is clearly the true reason Farkhad seeks to quash the subpoenas issued herein and to prevent the use of the information discovered.  None of the records obtained from the New York Banks in response to subpoenas served in accordance with the discovery orders have been submitted to the New York Supreme Court action or any other United States court.[2]

Even if the information discovered in this action is used in the United States, including but not limited to the New York judgment recognition action, such use is not improper.  All of the cases cited by Farkhad on this issue address the bad faith filing of a Section 1782 discovery application in order to circumvent various U.S. discovery procedures.  There is nothing to support the suggestion that Applicant acted in bad faith, where indeed the information sought has already been, and will continue to be used in various foreign proceedings.  If Applicant uses the information discovered to obtain further relief in the United States, and to bring to light Farkhad's own misrepresentation to the New York state court as to Farkhad's possession of assets in New York, this does not demonstrate bad faith on the part of Applicant, and such use of the information should not be barred.

Based on the foregoing, Applicant respectfully submits that Farkhad's request to file a motion seeking to quash the subpoenas and to prevent the use of the information obtained should be rejected by this Court.

We thank the Court for its attention to this matter.

---

[2] Farkhad's reference to a Rule B maritime attachment action before Judge Buchwald (Case No. 19-cv-7966) is not relevant here.  Judge Buchwald has requested further briefing as to her subject matter jurisdiction over various alleged maritime torts pursuant to 28 U.S.C. 1333.  No documents obtained in this action was submitted in support of the maritime attachment requested in that action.

September 18, 2019
Page 5

        Respectfully submitted,

        HOLLAND & KNIGHT LLP

        */s/ James H. Power*

        James H. Power

Enclosure

cc:    Jason Kislin
       Greenberg Traurig, LLP
       kislinj@gtlaw.com

*Freezing Order*

Case No FD13D05340



## IN THE HIGH COURT OF JUSTICE
## FAMILY DIVISION

Before Mrs Justice KNOWLES sitting in private at the Royal Court of Justice, Strand, London, WC2A 2LL

THE MATRIMONIAL CAUSES ACT 1973

THE SENIOR COURTS ACT 1981

THE MARRIAGE OF TATIANA MIKHAILOVNA AKHMEDOVA AND FARKHAD TEIMUR OGLY AKHMEDOV

AFTER HEARING Anna Dilnot, Counsel for the Applicant

AND AFTER READING the statements specified in the recitals below

TO (1) COUNSELOR TRUST REG. of Zollstrasse 2, 9490 Vaduz, Liechtenstein; and (2) SOBALDO ESTABLISHMENT of c/o WalPart Trust Reg., Zollstrasse 2, 9490 Vaduz, Liechtenstein.

| IMPORTANT WARNING: |
|---|
| IF COUNSELOR TRUST REG. NEGLECTS TO OBEY THIS ORDER, IT MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE FINED OR HAVE ITS ASSETS SEIZED AND YOU, DR ANDREAS IGNAS SCHURTI, URS DANIEL HANSELMANN AND DR MORITZ ROLF BLASY (EACH A DIRECTOR OR OFFICER OF THE SAID COUNSELOR TRUST REG.) MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED. |
| IF SOBALDO ESTABLISHMENT NEGLECTS TO OBEY THIS ORDER, IT MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE FINED OR HAVE ITS ASSETS SEIZED AND YOU, DR ANDREAS IGNAS SCHURTI, URS DANIEL HANSELMANN AND DR ERNST JOSEPH WALCH (EACH A DIRECTOR OR OFFICER OF THE SAID SOBALDO ESTABLISHMENT) MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE YOUR ASSETS SEIZED. |
| ANY OTHER PERSON WHO KNOWS OF THIS ORDER AND DOES ANYTHING WHICH HELPS OR PERMITS COUNSELOR TRUST REG. AND/OR SOBALDO ESTABLISHMENT TO BREACH THE TERMS OF THIS ORDER MAY BE HELD TO BE IN CONTEMPT OF COURT AND MAY BE IMPRISONED, FINED OR HAVE THEIR ASSETS SEIZED |

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

**The Parties**

1. The Applicant is Tatiana Mikhailovna Akhmedova

   The First Respondent is Farkhad Teimur Ogly Akhmedov

   The Second Respondent is Woodblade Limited.

   The Third Respondent is Cotor Investments SA

   The Fourth Respondent is Qubo 1 Establishment

   The Fifth Respondent is Qubo 2 Establishment

   The Sixth Respondent is Straight Establishment

   The Seventh Respondent is Avenger Assets Corporation

   The Eighth Respondent is Counselor Trust Reg in its capacity as trustee of the trusts set out in Part A of Schedule 1

   The Ninth Respondent is Sobaldo Establishment in its capacity as trustee of the trusts set out in Part B of Schedule 1

**Definitions and interpretation**

2. Unless otherwise stated, a reference in this Order to "the Respondent" means all of the Respondents.

3. This Order is effective against any Respondent on whom it is served or who is given notice of it.

4. A Respondent who is an individual who is ordered not to do something must not do it himself or in any other way. He must not do it through others acting on his behalf or on his instructions or with his encouragement.

5. A Respondent which is not an individual which is ordered not to do something must not do it itself or by its directors, officers, partners, employees or agents or in any other way.

**Recitals**

6. This is a freezing injunction made against the Eighth and Ninth Respondents, Counselor Trust Reg. ('Counselor') and Sobaldo Establishment ('Sobaldo') on 15 August 2019 by Mrs Justice Knowles on the application of the Applicant, Tatiana Mikhailovna Akhmedova.

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

7. The Judge read the following affidavits:

    Sixth Affidavit of Anthony John Riem dated 18 July 2019 and Seventh Affidavit of Anthony John Riem dated 13 August 2019.

8. This Order was made at a hearing without notice to the Respondent. The reason why the Order was made without notice to the Respondent was because the Court was satisfied that if any or all of the Respondents had been given notice (even short, informal notice) then there was a risk that steps would be taken to frustrate the purpose of the Order being sought, including further movements of the relevant assets. The Respondent has the right to apply to the Court to vary or discharge the Order – see "**The right to seek variation or discharge of this Order**" below.

9. **There will be a further hearing in respect of this Order at 2pm on 2 October 2019 before Mrs Justice Knowles sitting at The Royal Courts of Justice, Strand, London, WC2A 2LL (subject to confirmation with the Clerk of the Rules), with a time estimate of half a day ('the return date').**

**Undertakings given to the Court by the Applicant, Tatiana Mihkailovna Akhmedova**

10. If the Court later finds that this Order has caused loss to Counselor, Sobaldo or to a third party and decides that that party should be compensated for that loss, the Applicant shall comply with any Order the Court may make.

11. The Applicant shall forthwith after service of this Order take all necessary steps to arrange for service in accordance with paragraph 36 below of:
    (a) copies of the Sixth and Seventh affidavits of Anthony Riem and exhibits;
    (b) the application notice and amended application notice;
    (c) the Orders of the Hon. Mr Justice Haddon-Cave dated 21 March 2018 and 20 December 2016; and
    (d) the transcript of the hearing.

12. Anyone notified of this Order shall be given a copy of it by the Applicant's legal representatives.

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

13. The Applicant shall pay the reasonable costs of anyone other than the Respondent which have been incurred as a result of this Order including the costs of finding out whether that person holds any of the Respondent's assets and if the court later finds that this Order has caused such person loss, and decides that such person should be compensated for that loss, the Applicant shall comply with any Order the Court may make.

14. If this Order ceases to have effect (for example, if the Respondent provides security) the Applicant shall immediately take all reasonable steps to inform in writing anyone to whom he has given notice of this Order, or who he has reasonable grounds for supposing may act upon this Order, that it has ceased to have effect.

15. The Applicant shall not without the permission of the Court use any information obtained as a result of this Order for the purpose of any civil or criminal proceedings, either in England and Wales or in any other jurisdiction, other than this claim.

16. The Applicant shall not without the permission of the Court seek to enforce this Order in any country outside England and Wales or seek an Order of a similar nature including Orders conferring a charge or other security against Counselor or Sobaldo or their assets.

**IT IS ORDERED THAT: -**

**Joinder**

17. Counselor and Sobaldo are joined as parties to these proceedings as the Eighth and Ninth Respondents respectively. Counselor and Sobaldo each has permission to apply to set aside the Order for joinder within 7 days of service of this Order upon it.

**Freezing order**

18. Until the return date or further order of the court, Counselor and Sobaldo must not in any way dispose of, deal with or diminish the value of the following assets whether they are in or outside England and Wales, namely: -

    (a) any assets held, directly or indirectly, by the Genus Trust, the Longlaster Trust, the Carnation Trust, the Ladybird Trust or the Arbaj Trust (the 'Identified Trusts'

Please address all communications for the Court to The Family Division of the High Court, 1ˢᵗ Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

(b) any assets held, directly or indirectly, by any other trust of which Counselor and/or Sobaldo is trustee and in respect of which the First Respondent (a) is within the class of beneficiaries, and/or (b) is the protector (or, if the protector is not an individual, is a director or officer of the protector) (the 'Other Akhmedov Trusts');

(c) any assets held, directly or indirectly, by any other trust of which Counselor and/or Sobaldo is trustee where, to the knowledge of Counselor or Sobaldo having made reasonable inquiry, those assets represent or are derived from the assets which were previously held by the Third Respondent, Cotor Investment SA, at LGT Bank in Liechtenstein (the 'Cotor Proceeds').

19. If the total value free of charges or other securities ('unencumbered value') of Counselor or Sobaldo's assets restrained by the preceding paragraph exceeds £441,678,836, Counselor or Sobaldo (as the case may be) may dispose of or deal with those assets so long as the total unencumbered value of all his assets restrained by the preceding paragraph whether in or outside England and Wales remains above £441,678,836.

**Provision of Information**

20. Unless the following paragraph applies, Counselor and Sobaldo shall each within 7 days of service of this Order and to the best of its ability provide the following information to the Applicant's solicitors:

   (a) all of the assets of the Identified Trusts worldwide exceeding £10,000 in value, whether in the respondent's own name or not and whether solely or jointly owned, giving the value, location and details (including, where relevant, bank account number) of all such assets;
   
      a. in respect of each Other Akhmedov Trust:
      b. the name of the trust;
      c. the name of the trustee of the trust;
      d. the name of the protector of the trust;
      e. the beneficiaries or classes of beneficiaries of the trust;
      f. a copy of the document governing the trust (including any declaration of trust) and any letter of wishes or similar document;
      g. all of the assets of that trust worldwide exceeding £10,000 in value, whether in the trust's own name or not and whether solely or jointly owned, giving the value, location and details of all such assets;

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

(b) in respect of the Cotor Proceeds:

(c) the details, as set out in paragraph (b) above, of each trust in which any of the Cotor Proceeds are now or have previously been held;

(d) what has become of the Cotor Proceeds, including (but not limited to) details of each transfer or disposition of any part of the Cotor Proceeds.

21. If the provision of any of this information is likely to incriminate the Respondent, he may be entitled to refuse to provide it, but is recommended to take legal advice before refusing to provide the information. Wrongful refusal to provide the information is contempt of court and may render the Respondent liable to be imprisoned, fined or have his assets seized.

22. Within 14 days of being served with this Order, Counselor and Sobaldo shall each (by a director) make and serve on the Applicant's solicitors an affidavit setting out the above information.

**Exceptions to this Order**

23. This Order does not prohibit Counselor or Sobaldo from spending a reasonable sum on legal advice and representation.

24. For the avoidance of doubt, this Order does not in any way prohibit Counselor or Sobaldo from dealing with:
    a. assets beneficially owned by Counselor or Sobaldo themselves, unless those assets are Cotor Proceeds; or
    b. assets held by trusts other than the Identified Trusts and Other Akhmedov Trusts.

25. The Respondent may agree with the Applicant's legal representatives that this Order should be varied in any respect, but any agreement must be in writing.

**Provision of security**

26. The Order will cease to have effect if the Respondent –
    (a) provides security by paying the sum of £441,678,836 into Court, to be held to the Order of the Court; or

---

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

(b) makes provision for security in that sum by another method agreed with the Applicant's legal representatives.

**Costs**

27. The costs of this application are reserved to the Judge hearing the application on the return date.

**The right to seek variation or discharge of this Order**

28. Anyone served with or notified of this Order may apply to the Court at any time to vary or discharge this Order (or so much of it as affects that person), but they must first inform the Applicant's solicitors. If any evidence is to be relied upon in support of the application, the substance of it must be communicated in writing to the Applicant's solicitors in advance.

**Parties other than the Applicant and Respondent**

29. <u>Effect of this Order</u>
It is a contempt of Court for any person notified of this order knowingly to assist in or permit a breach of this Order. Any person doing so may be imprisoned, fined or have their assets seized.

30. <u>Set off by banks</u>
This injunction does not prevent any bank from exercising any right of set off it may have in respect of any facility which it gave to the Respondent before it was notified of this Order.

31. <u>Withdrawals by the Respondent</u>
No bank need enquire as to the application or proposed application of any money withdrawn by the Respondent if the withdrawal appears to be permitted by this Order.

<u>Persons outside England and Wales</u>

32. Except as provided in the following paragraph, the terms of this Order do not affect or concern anyone outside the jurisdiction of this Court.

33. The terms of this Order will affect the following persons in a country or state outside the jurisdiction of this Court –

  (a) the Respondent or his officer or agent appointed by power of attorney;

  (b) any person who –

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

      i. is subject to the jurisdiction of this Court;

      ii. has been given written notice of this Order at his residence or place of business within the jurisdiction of this Court; and

      iii. is able to prevent acts or omissions outside the jurisdiction of this Court which constitute or assist in a breach of the terms of this Order; and

(c) any other person, only to the extent that this Order is declared enforceable by or is enforced by a Court in that country or state.

### Assets located outside England and Wales

34. Nothing in this Order shall, in respect of assets located outside England and Wales, prevent any third party from complying with –

    (a) what it reasonably believes to be its obligations, contractual or otherwise, under the laws and obligations of the country or state in which those assets are situated or under the proper law of any contract between itself and the respondent; and

    (b) any Orders of the Courts of that country or state, provided that reasonable notice of any application for such an Order is given to the Applicant's solicitors.

### Amendment of application notice

35. The Applicant has permission to amend the application notice so as to replace "s.486 of the Insolvency Act 1986" with "s.423 of the Insolvency Act 1986" in each of paragraphs 11 and 13.

### Service of the Application

36. The Applicant shall serve the application notice and amended application notice, supporting evidence and Order:

    (a) on the First Respondent, in accordance with paragraph 26 of the Order of the Hon. Mr Justice Haddon-Cave dated 21 March 2018;

    (b) on the Third Respondent, in accordance with paragraph 23.b of the Order of the Hon. Mr Justice Haddon-Cave dated 20 December 2016; and

    (c) on Counselor and Sobaldo, through judicial channels in Liechtenstein.

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

37. For the purposes of enforcement of this Order pursuant to FPR 37.4, personal service of this Order on Counselor, Sobaldo, Dr Andreas Ignas Schurti, Urs Daniel Hanselmann, Dr Ernst Joseph Walch and Dr Moritz Blasy be dispensed with pursuant to FPR 37.8 if they have been served with or notified of the Order by any of the methods permitted by this Order.

38. The Applicant is not required to serve this application on the Second Respondent, or the Fourth to Seventh Respondents.

**Notification of this Order**

39. The Applicant may notify the following persons of this Order by any of the following methods (but such notification shall not constitute service):

    (a) Counselor, by email to mail@counselor-trust.net

    (b) Sobaldo, by email to mail@walpart.net;

    (c) Dr Andreas Ignas Schurti, by email to andreas.schurti@walchschurti.net;

    (d) Mr Urs Daniel Hanselmann, by email to mail@counselor-trust.net and mail@walpart.net marked "LEGAL DOCUMENTS FOR THE URGENT ATTENTION OF MR URS DANIEL HANSELMANN";

    (e) Dr Moritz Rolf Blasy, by email to moritz.blasy@walchschurti.net;

    (f) Dr Ernst Joseph Walch, by email to ernst.walch@walchschurti.net.

40. The Applicant shall, in any email sent pursuant to paragraph 39 above, explain that:

    (a) the Order is not being served by email, but the recipient is on notice of the Order and must comply with it;

    (b) a failure to comply with the Order prior to formal service may be punished as a contempt of court, if the Court so permits; and

    (c) the Order, application notice, amended application notice and supporting evidence is being served through judicial channels in Liechtenstein but that a copy of those documents will be made available, by post or email, upon request.

**Directions for hearing of the application for substantive relief**

41. Subject to the following paragraph, the following directions shall apply to the hearing of the application for relief under s. 423 of the Insolvency Act 1986 and/or s. 37 of the Matrimonial Causes Act 1967:

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

(a) Counselor and Sobaldo respectively shall file and serve an acknowledgement of service of the application within 21 days of the date on which it is served with the application notice and amended application notice;

(b) Each of Mr Akhmedov, Cotor, Counselor and Sobaldo shall file and serve any evidence on which he/it wishes to rely in response to the substantive application within 28 days of service of the application notice on him/it;

(c) There shall be a direction hearing for the purpose of giving directions for the determination of the substantive application (including considering any applications for disclosure) to be fixed not less than 35 days after service of the application notice, with a time estimate of 2 hours.

42. The Respondents are entitled to apply to set aside or vary the directions set out in paragraph 47 above under FPR r. 18.11 within 7 days of service of this Order.

Dated this 15th day of August 2019

*hs*



Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

> **Notice pursuant to PD 33A para 1.4**
>
> YOU, <u>TATIANA MIKHAILOVNA AKHMEDOVA</u>, THE APPLICANT, MAY BE SENT TO PRISON FOR CONTEMPT OF COURT IF YOU BREAK THE PROMISES THAT HAVE BEEN GIVEN TO THE COURT
>
> **Statement pursuant to PD 33A para 1.5**
>
> I understand the undertakings that I have given, and that if I break any of my promises to the court I may be sent to prison for contempt of court
>
> Signed:
> Tatiana Mikhailovna Akhmedova
>
> Date

**Communications with the court**

All communications to the court about this order should be sent to –

The Clerk of the Rules, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number. The telephone number is 020 7947 6543.

The offices are open between 10 a.m. and 4.30 p.m. Monday to Friday.

**Name and address of applicant's legal representatives**

The applicant's legal representatives are –

PCB Litigation LLP, 90 Chancery Lane, London WC2A 1EU

Tel:   020 7831 2691

Email: ajr@pcblitigation.com
        nk@pcblitigation.com

Please address all communications for the Court to The Family Division of the High Court, 1ˢᵗ Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

*Order*

Case No FD13D05340



IN THE HIGH COURT OF JUSTICE
FAMILY DIVISION

Before Mrs Justice KNOWLES sitting in private at the Royal Court of Justice, Strand, London, WC2A 2LL

BETWEEN:

TATIANA AKHMEDOVA

Applicant

- and -

(1) FARKHAD TEIMUR OGLYAKHMEDOV
(2) WOODBLADE LIMITED
(3) COTOR INVESTMENT SA
(4) QUBO 1 ESTABLISHMENT
(5) QUBO 2 ESTABLISHMENT
(6) STRAIGHT ESTABLISHMENT
(7) AVENGER ASSETS CORPORATION

Respondents

- and -

(8) COUNSELOR TRUST REG.
(a trust enterprise registered under the laws of the Principality of Liechtenstein
as trustee of the trusts set out in Part A of Schedule 1)

(9) SOBALDO ESTABLISHMENT
(an Anstalt established under the laws of the Principality of Liechtenstein,
as trustee of the trusts set out in Part B of Schedule 1)

---

### SCHEDLE 1 TO THE ORDER

---

### Part A

The Eighth Respondent, Counselor Trust Reg., is a party in its capacity as a trustee of each of the following trusts:

1. Arbaj Trust

2. Carnation Trust

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264

3.   Genus Trust

4.   Ladybird Trust

5.   Each trust in respect of which Mr Akhmedov is:

   a. within the class of beneficiaries, and/or

   b. the protector (of, if the protector is not an individual, is a director or officer of the protector).

6.   Each trust which, directly or indirectly, holds or has previously held assets which represent or are derived from the assets which were previously held by the Third Respondent, Cotor Investment SA, at LGT Bank in Liechtenstein.

## Part B

The Ninth Respondent, Sobaldo Establishment, is a party in its capacity as a trustee of each of the following trusts:

1.   Longlaster Trust (formerly known as the Reward Trust).

2.   Any other trust in respect of which Mr Akhmedov is:

   a. within the class of beneficiaries, and/or

   b. the protector (of, if the protector is not an individual, is a director or officer of the protector).

3.   Any other trust which, directly or indirectly, holds or has previously held assets which represent or are derived from the assets which were previously held by the Third Respondent, Cotor Investment SA, at LGT Bank in Liechtenstein.

Please address all communications for the Court to The Family Division of the High Court, 1st Mezzanine, Queen's Building, Royal Courts of Justice, Strand, London WC2A 2LL quoting the case number in the top right hand corner of this form. The Court Office is open between 10.00 a.m. and 4.30 p.m. on Mondays to Fridays.

D264