# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

James H. Power
+1 212-513-3494
James.Power@hklaw.com

May 1, 2019

*Via Email: OetkenNYSDChambers@nysd.uscourts.gov*

Hon. J. Paul Oetken
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

>  Re:  *In re Tatiana Akhmedova*, Case No. 19-mc-26
>        Request to Temporarily Seal Supplemental Application for Discovery and
>        Supporting Documents

Dear Judge Oetken:

In accordance with Your Honor's Individual Rules of Practice in Civil Cases, Rule 2(E)(ii), Applicant Tatiana Akhmedova ("Applicant") respectfully requests the entry of the attached proposed Order permitting the temporary sealing, pursuant to Fed. R. Civ. P 5.2(d), of the Supplemental *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. § 1782 and proposed order, the Memorandum of Law and Declaration of James H. Power (and exhibits) in support thereof (all filed on April 23, 2019), and the Order entered on April 24, 2019 (Dkt. Nos. 7, 7-1, 8, 8-1, 9 and 11).

This letter request has not been filed on ECF as Applicant's discussion of the reasons meriting sealing of the documents on the record herein reveals the very confidential information sought to be protected. Accordingly, Applicant requests that this letter as well as the attached Declaration of Anthony J. Riem in support (attached hereto as Exhibit 1) of the present application be similarly maintained under seal and not filed on the public docket.

As set forth in the Supplemental Application for Discovery and memorandum of law in support (Dkts. 7, 9), this case arises out of the entry of two English Money Judgements in favor of Applicant totaling approximately US $466.6 million, and which various judgment debtors have evaded through fraudulent transfer amongst a worldwide network of alter ego entities. In support of various foreign proceedings pending in the Republic of the Marshall Islands, the United Kingdom, Dubai and Liechtenstein, Applicant has requested, and this Court granted, an order allowing for discovery of third party documents located within the District. Dkt. 11. Specifically, the Supplemental Application dated April 23, 2019 notes that various *ex parte* proceedings are

May 1, 2019
Page 2

contemplated in the United Kingdom, wherein Applicant will seek to add judgment debtors as well as obtain *ex parte* freezing injunctions preventing the newly-joined judgment debtors from dealing with, disposing of or diminishing the value of any assets held by them so as to ensure that any assets against which we could enforce a judgment are not dissipated prior to the English Court determining whether to add those entities as judgment debtors.

This Court has already recognized the sensitive nature of the requested discovery, granting Applicant permission to conduct discovery pursuant to 28 U.S.C. § 1782 outside of the notice requirements of the Federal Rules of Civil Procedure, in order to prevent the contemplated *ex parte* proceedings in London from becoming a futile exercise. *See* Dkt. 11 at ¶ 6. On the basis of similar concerns, namely in the interest of keeping litigation strategy details outlined in the Supplemental Application and supporting documents (the Memorandum of Law and Declaration of James H. Power and exhibits attached thereto) confidential and kept from view of the known and reasonably contemplated adverse parties, Applicant respectfully makes this Application to Temporarily Seal those documents (Dkts. 7, 7-1, 8, 8-1, 9, and 11).

"[W]hen a district court ... considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts." *Geller v. Branic Intern. Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). While there is a presumption of public access to judicial documents, documents "may be sealed if specific, on the record findings are made demonstrating closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (citing *In re New York Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).

When considering whether to issue a protective order, the Court must balance the demonstrated interest of the movant in the secrecy of the information in question against the importance of the material to the public's interest in access to such materials. *Gambale v. Deutsche Bank AG*, No. 02-cv-4791, 2003 WL 21511851, at *2 (S.D.N.Y. July 2, 2003) (citing *Nixon v. Warner Communications*, 435 U.S. 589, 597-99 (1978); *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). The requisite good cause has been found where public access to the documents or information at issue will likely result in harm to the movant.

Based on the foregoing, Applicant seeks an order temporarily sealing the record filed in support of the Supplemental Application for Discovery Pursuant to 28 U.S.C. § 1782 in order to prevent any of the judgment debtors or their alter egos (the contemplated judgments debtors to be added in the English Proceedings) from finding on the public docket information concerning Applicant's litigation strategy in the United Kingdom. Alternatively, because media interest in Applicant's underlying divorce and resulting worldwide litigation has been high, it is possible and indeed likely that other third parties could locate the docket of this case by a simple word search of Applicant's name if interested persons were inclined to do so. A simple review of the discovery targets by any potential adversaries or publication of the nature of Applicant's discovery request

May 1, 2019
Page 3

by third parties could result in the further fraudulent transfer of assets, likely rendering the relief granted by this Court futile.

Applicant respectfully requests a temporary sealing order of ninety (90) days, which she expects to be sufficient to obtain subpoena responses from the New York Banks, to review the discovery received, and to file and obtain the *ex parte* relief in the United Kingdom. Declaration of Anthony Riem at ¶ 6 (attached hereto as Exhibit 1). The request for a temporary, as opposed to permanent, sealing of the requested documents is intended to narrowly tailor Applicant's need for secrecy with the public's right of access to court records under *Lugosch, supra*. Further, because this is an *ex parte*, miscellaneous and non-adjudicatory action, Applicant submits that the need for the public review of documents on the records is lessened, as the Section 1782 application documents do not implicate the public review of dispositive rulings as discussed in *Lugosch*.

We thank the Court for its attention to this matter. Please contact me if the Court has any questions.

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s/ James H. Power*

James H. Power

Attachments

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF
TATIANA AKHMEDOVA,

          Applicant,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.

Civil Action No. 19-mc-26

## DECLARATION OF ANTHONY JOHN RIEM IN SUPPORT OF MOTION TO TEMPORARILY SEAL SUPPLEMENTAL *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

I, ANTHONY JOHN RIEM, hereby declare under penalty of perjury as follows:

1. I am a partner of the law firm PCB Litigation LLP in London, United Kingdom. I am Applicant Tatiana Akhmedova's ("Ms. Akhmedova's", or "Applicant's") legal representative in respect of proceedings before the Courts of English and Wales, and am fully authorized to make this Declaration. I am familiar with these supplemental 1782 discovery proceedings before this Court in the Southern District of New York, and the Applicant's other legal proceedings worldwide in Dubai, Liechtenstein and elsewhere. It was in support of these proceedings that Ms. Akhemdova's U.S. counsel, Mr. James Power, was instructed to seek assistance in obtaining a discovery order from the District Court to obtain certain information held by entities located in the Southern District of New York.

2. I have now been advised that on 24 April 2019, this Court granted Ms. Akhmedova's application for follow-up discovery pursuant to 28 U.S.C. § 1782. I understand the Court ordered that notice need not be provided to any of the individuals or entities names as parties in the

1

contemplated foreign proceedings prior to service of the third party subpoenas and that such discovery may similarly be used in the *ex parte* English application without first alerting the entities to be named in that *ex parte* English application.

3. As set out in the Declaration of James Power dated 23 April 2019 ("the Power Declaration"), the Applicant was awarded the sum of £453,576,152 in financial relief in December 2016, following a hearing before the English Courts in divorce proceedings with her ex-husband, Farkhad Akhmedov ("Mr. Akhmedov"). I will not repeat the content set out in the Power Declaration at paragraphs 5-8, but I can confirm that the Applicant seeks to enforce that financial award in circumstances where Mr. Akhmedov continues to evade the Applicant's enforcement efforts. Further, I confirm that the Applicant is preparing further applications to be filed in the English Courts, including a freezing injunction (to be filed on an *ex parte* basis) preventing target entities from dealing with, disposing of or diminishing the value of any assets held by them. I submit that those applications would be rendered futile were notice to be provided to the target entities and/or Mr Akhmedov, as it is highly likely that those entities (being alter egos of Mr. Akhmedov) would simply transfer assets again to other entities unknown to the Applicant, consistent with the pattern of conduct to date.

4. The fact that this Court ordered that notice need not be given to the individuals or entities names in the order of 24 April 2019 is of critical importance to the contemplated English applications. In addition, for similar reasons as described above, the Applicant has filed an application to seal the record for 90 days following the Applicant's service of the Court's order on the relevant individuals and entities. Because of Mr Akhmedov's history of evasion, it is critical for the contemplated *ex parte* English applications that the record be sealed to enable the English applications to be filed. If the target entities and/or Farkhad discover the fact or nature of Ms.

Akhmedova's application for discovery in this proceeding, it is highly likely that any assets or information that they believe may be illuminated by the discovery will simply be moved yet again.

5. Although we did not provide Mr. Power with all the details concerning the scope and content of our contemplated *ex parte* filings in London, we did nevertheless provide enough details to allow U.S. counsel to support Petitioner's request to obtain the necessary discovery without notice to the entities to be named in the foreign *ex parte* proceeding until after such *ex parte* applications are made. However, the supplemental 1782 application and supporting declaration does disclose enough information concerning the strategy and contemplated foreign *ex parte* application to allow the entities referenced to take action to frustrate Petitioner's ability to obtain the relief if they were to come across these public filings. In order to give effect to the *ex parte* nature of the anticipated English proceeding and important relief sought therein, there is good cause to temporarily seal the Supplemental 1782 Application and supporting filings contained in docket entry numbers 7, 8, 9 and 11 along with this Motion to Seal.

6. I understand that the entities ordered to produce supplemental discovery were served with this Court's order of 24 April 2019 on 26 April 2019. If each the target entities have produced all required discovery within 30 days of service (i.e. by around 24 May 2019), then Applicant anticipates being able to review and process that discovery, and be in a position to file the contemplated English applications within a further 30 days, i.e. by 21 June 2019. The timeframe will of course depend on the amount of discovery produced – this timeframe assumes a reasonable quantity of disclosure in accessible form.

7. Therefore, I submit this Declaration in support of the request to temporarily seal for 90 days.

3

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: May 1st, 2019
London, United Kingdom

_____
Anthony John Riem

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF
TATIANA AKHMEDOVA,

        Applicant,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.

Civil Action No. 19-mc-26 (JPO)

## SEALING ORDER

Pursuant to Fed. R. Civ. P. 5.2(d) and 26(c), it is hereby:

ORDERED that the Supplemental *Ex Parte* Application for Discovery Pursuant to 28 U.S.C. 1782 and proposed order (Dkt. 7, 7-1), the Declaration of James H. Power in support thereof and exhibits attached thereto (Dkt. 8, 8-1), the Memorandum of Law (Dkt. 9) and the Order granting discovery (Dkt. 11) shall be sealed, and that the foregoing documents be maintained under seal for ninety (90) days, subject to Applicant Tatiana Akhmedova's ("Applicant") right to seek a further order of this Court extending the period of time to remain under seal, or the right of any third party intervenor to seek an order directing that they be unsealed.

It is further ORDERED that Applicant's letter request to seal addressed to the Court and the Declaration of Anthony Riem dated April 30, 2019 in support of Applicant's request shall also be sealed for a period of ninety (90) days, on the same basis.

SO ORDERED.

                                                       Hon. J. Paul Oetken
                                                       U.S. District Judge