UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF
TATIANA AKHMEDOVA,

Applicant,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.

Civil Action No. 19-mc-26

## DECLARATION OF ANTHONY JOHN RIEM IN SUPPORT OF MOTION TO TEMPORARILY SEAL SUPPLEMENTAL *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

I, ANTHONY JOHN RIEM, hereby declare under penalty of perjury as follows:

1. I am a partner of the law firm PCB Litigation LLP in London, United Kingdom. I am Applicant Tatiana Akhmedova's ("Ms. Akhmedova's", or "Applicant's") legal representative in respect of proceedings before the Courts of English and Wales, and am fully authorized to make this Declaration. I am familiar with these supplemental 1782 discovery proceedings before this Court in the Southern District of New York, and the Applicant's other legal proceedings worldwide in Dubai, Liechtenstein and elsewhere. It was in support of these proceedings that Ms. Akhemdova's U.S. counsel, Mr. James Power, was instructed to seek assistance in obtaining a discovery order from the District Court to obtain certain information held by entities located in the Southern District of New York.

2. I have now been advised that on 24 April 2019, this Court granted Ms. Akhmedova's application for follow-up discovery pursuant to 28 U.S.C. § 1782. I understand the Court ordered that notice need not be provided to any of the individuals or entities names as parties in the

contemplated foreign proceedings prior to service of the third party subpoenas and that such discovery may similarly be used in the *ex parte* English application without first alerting the entities to be named in that *ex parte* English application.

3. As set out in the Declaration of James Power dated 23 April 2019 ("the Power Declaration"), the Applicant was awarded the sum of £453,576,152 in financial relief in December 2016, following a hearing before the English Courts in divorce proceedings with her ex-husband, Farkhad Akhmedov ("Mr. Akhmedov"). I will not repeat the content set out in the Power Declaration at paragraphs 5-8, but I can confirm that the Applicant seeks to enforce that financial award in circumstances where Mr. Akhmedov continues to evade the Applicant's enforcement efforts. Further, I confirm that the Applicant is preparing further applications to be filed in the English Courts, including a freezing injunction (to be filed on an *ex parte* basis) preventing target entities from dealing with, disposing of or diminishing the value of any assets held by them. I submit that those applications would be rendered futile were notice to be provided to the target entities and/or Mr Akhmedov, as it is highly likely that those entities (being alter egos of Mr. Akhmedov) would simply transfer assets again to other entities unknown to the Applicant, consistent with the pattern of conduct to date.

4. The fact that this Court ordered that notice need not be given to the individuals or entities names in the order of 24 April 2019 is of critical importance to the contemplated English applications. In addition, for similar reasons as described above, the Applicant has filed an application to seal the record for 90 days following the Applicant's service of the Court's order on the relevant individuals and entities. Because of Mr Akhmedov's history of evasion, it is critical for the contemplated *ex parte* English applications that the record be sealed to enable the English applications to be filed. If the target entities and/or Farkhad discover the fact or nature of Ms.

Akhmedova's application for discovery in this proceeding, it is highly likely that any assets or information that they believe may be illuminated by the discovery will simply be moved yet again.

5. Although we did not provide Mr. Power with all the details concerning the scope and content of our contemplated *ex parte* filings in London, we did nevertheless provide enough details to allow U.S. counsel to support Petitioner's request to obtain the necessary discovery without notice to the entities to be named in the foreign *ex parte* proceeding until after such *ex parte* applications are made. However, the supplemental 1782 application and supporting declaration does disclose enough information concerning the strategy and contemplated foreign *ex parte* application to allow the entities referenced to take action to frustrate Petitioner's ability to obtain the relief if they were to come across these public filings. In order to give effect to the *ex parte* nature of the anticipated English proceeding and important relief sought therein, there is good cause to temporarily seal the Supplemental 1782 Application and supporting filings contained in docket entry numbers 7, 8, 9 and 11 along with this Motion to Seal.

6. I understand that the entities ordered to produce supplemental discovery were served with this Court's order of 24 April 2019 on 26 April 2019. If each the target entities have produced all required discovery within 30 days of service (i.e. by around 24 May 2019), then Applicant anticipates being able to review and process that discovery, and be in a position to file the contemplated English applications within a further 30 days, i.e. by 21 June 2019. The timeframe will of course depend on the amount of discovery produced – this timeframe assumes a reasonable quantity of disclosure in accessible form.

7. Therefore, I submit this Declaration in support of the request to temporarily seal for 90 days.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated:   May 1st, 2019
         London, United Kingdom

_____
Anthony John Riem