James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Fascimile:  (212) 385-9010
Email: james.power@hklaw.com
         marie.larsen@hklaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF
TATIANA AKHMEDOVA,

                    Applicant,

                                                                      Civil Action No. 19-mc-26 (JPO)

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.

## MOTION TO COMPEL DISCOVERY PURSUANT TO 28 U.S.C. §1782

Applicant Tatiana Akhmedova ("Applicant"), by and through her undersigned counsel,

Holland & Knight LLP, pursuant to Fed. R. Civ. P. 37, respectfully submits this Motion to

Compel the production of documents by Y.Co NY Inc. ("Y.Co NY") pursuant to a subpoena

issued and served in accordance with a discovery Order issued by this Court pursuant to 28

U.S.C. § 1782.  In support of her motion, Applicant states as follows:

### PROCEDURAL BACKGROUND AND RELEVANT FACTS

The background facts giving rise to this action for discovery in aid of a foreign

proceeding are set forth in detail in connection with Applicant's initial application, filed January

16, 2019, specifically in the Declaration of James H. Power dated January 16, 2019 ("Power

Declaration") and the exhibits thereto (Dkts. 1-4) and in the Supplemental Application and

supporting papers filed on April 23, 2019 (Dkts. 7-9). As set forth therein, the pending foreign proceedings supporting the Section 1782 applications arose in connection with Applicant's divorce from her former husband Farkhad Akhmedov. This divorce has been highly publicized as "Britain's Most Expensive Divorce" because it concerns hundreds of millions of dollars of assets, including one of the largest and most expensive yachts in the world – the LUNA (IMO No. 1010222) (hereinafter, the "Vessel"). Management and operation of the Vessel is undertaken by an entity doing business under the name Y.CO, a company which operates through various subsidiaries located in Monaco, London and the United States (including New York).

On January 18, 2019 this Court granted Petitioner's initial request for documents from several New York banks with respect to various discovery targets, including the judgment debtors of Applicant, defendants in the foreign proceedings, as well as potential alter ego or paying agents relevant to the foreign proceedings. Dkt. 5. As set forth in Applicant's initial application for discovery in this action, the information contained by the New York banks was for use in pending foreign proceedings, including those in the Republic of the Marshall Islands, United Kingdom, Dubai and Liechtenstein.

On April 24, 2019, this Court granted Petitioner's supplemental request for additional information from the New York banks with respect to updated transactions as well as certain additional discovery targets relevant to *ex parte* proceedings to be filed in the English Court. Dkt. 11. Applicant also requested authorization to serve a subpoena on a New York-located target, Y.Co NY. Specifically, Applicant advised that in the first round of Section 1782 discovery, a total of 118 wire transfers totaling over $940,000 were identified showing Y.Co NY making payments from a Bank of America account located in New York to various vendors on

2

behalf of the Vessel, as well as making transfers to Y.CO SAM, the Monaco entity which acts as the Vessel's manager and paying agent, and to Luna Crew IC Limited, the entity contractually responsible for the crewing of the Vessel.  It was therefore believed that Y.Co NY holds assets of judgment debtors Farkhad Akhmedov (beneficial owner of the Vessel) and Straight Establishment (alter ego of Farkhad and the Vessel's registered owner) to make payments relating to the Vessel for the sole purpose of making transactions that would otherwise be made by Y.CO SAM, the longstanding manager of the Vessel.  Dkt. 8 ¶ 21.  In the supplemental application for discovery, Applicant sought to obtain updated wire transfer information related to certain Y.CO entities.  Additionally, based on the volume of transfers being made on behalf of the Vessel by Y.Co NY (a New York corporation) from its New York-located account, Applicant requested an order authorizing her to serve a subpoena on Y.CO NY and/or its New York agent for service of process for all documents, communications, contracts, payment instructions and transactions related to the Vessel, from January 1, 2015 to present.  The supplemental discovery order issued by the Court provided for the requested discovery against Y.Co NY.  Dkt. 11.

Information obtained from the New York banks in the second round of discovery establishes that substantial amounts were being transferred from Farkhad's individual foreign account to Y.Co NY each month, in the approximate amount of $1-2 million each month, and then subsequently transferred to various vendors providing services to the Vessel.  Y.Co NY thereafter makes payments for the Vessel on behalf of Farkhad via two New York-located Bank of America accounts, -1280 and -3376.[1]  Additionally, discovery obtained in the foreign proceeding pending the Republic of the Marshall Islands ("RMI") from the Trust Company of

---

[1] Following Applicant's discovery of the existence of these accounts, they have since been shut down and the funds transferred out of the United States to Y.Co Limited's account in Liechtenstein, in violation of a Temporary Restraining Order issued by the New York court, which is currently the subject of a motion for contempt in a separate action.

the Marshall Islands ("TCMI"), the agent for the RMI vessel registry, confirms that the Y.Co affiliate entities engage in substantial correspondence with TMCI on behalf of the Vessel and its ownership interests in order to maintain the Vessel's registration under RMI flag.

On September 27, 2019 Y.Co NY Inc. was served with a subpoena *duces tecum* via the New York Secretary of State, in accordance with this Court's Supplemental 1782 Order, requesting "all documents, communications, contracts, payment instructions and transactions related to the Vessel, from January 1, 2015 to present." Power Declaration dated July 6, 2020, Exhibit 2. No response was received from Y.Co NY or its counsel until a different subpoena was served on it in a separate New York Supreme Court action in November 2019.[2] Although Applicant's counsel received a letter dated December 11, 2019 containing various objections with respect to the New York subpoena, and conferred via phone as to the production in that case, no documents have been produced to-date pursuant to the 1782 subpoena.[3]

## ARGUMENT AND PRAYER FOR RELIEF

Applicant has requested, as authorized by this Court, the Y.Co file with respect to the subject Vessel, to which Y.Co NY has access and control. Y.Co NY has not made a motion to quash the subpoena served on it many months ago. Nor has Y.Co NY served any objection to the single document demand contained in the information subpoena. There is no dispute that

---

[2] Applicant has been awarded a judgment against Farkhad Akhmedov and various alter ego defendants in the amount of $487,278,000.000 plus interest by the New York Supreme Court. *Tatiana Akhmedova v. Farkhad Akhmedov, et. al.*, Index No. 155688/2018. Accordingly, on November 20, 2019, Ms. Akhmedova served a post-judgment subpoena *duces tecum* on Y.Co NY pursuant to N.Y. CPLR Article 52. Ms. Akhmedova also has a pending motion to hold Y.Co NY, as garnishee, in contempt for violation of a TRO issued by the New York court in connection with transfer of Mr. Akhmedov's assets in its control and possession, out of a New York-located bank account.

[3] None of the documents produced in the New York Supreme Court action have been produced in this action, evidenced by the fact that Y.Co NY has maintained that such documents (constituting 1486 pages) contain confidential information, and was only willing to produce them pursuant to a protective agreement filed with the New York Court. For the avoidance of doubt, the document requests served by Applicant and the documents received (which production is also deficient and will be subject to a motion to compel in that action, if necessary) in that action are narrower in scope than the document request issued in this action. Therefore, this motion to compel is not mooted by the minor production made by Y.Co NY in the New York action.

Applicant has satisfied the requirements of 28 U.S.C. § 1782 and that the Court's discovery order was properly issued, allowing for service of the subpoena on Y.Co NY in this action.

Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1).  The discovery request is tailored to obtain information bearing on the ownership, management and payment of expenses in connection with the judgment debtors' primary asset, the Vessel, which is clearly relevant to the ongoing litigation in the worldwide foreign proceedings which seek to enforce Applicant's judgment against the Vessel.  The documents are discoverable under the Federal Rules of Civil Procedure, which are incorporated by reference into Section 1782.

Additionally, it is clear that Y.Co NY has possession, custody or control of the information requested, regardless of which Y.Co entity is the "owner" of such information.  Whether documents are in a party's control is broadly construed under Fed. R. Civ. P. 34, and can be sought from one corporation regardless of whether they are in the physical possession of another, affiliated corporation.  *Costa v. Kerzner Int'l Resorts, Inc.*, 277 F.R.D. 468, 471 n.1 (citations omitted); *see also Anz Advanced Techs. v. Bush Hog, LLC*, Civil Action No. 09-00228-KD-N, 2011 WL 814663, at *9 (S.D. Ala. Jan. 26, 2011).  Accordingly, "[c]ourts have found control by a parent corporation over documents held by its subsidiary, by a subsidiary corporation over documents held by its parent, and by one sister corporation over documents held by another sister corporation."  *SEC v. Credit Bancorp., Ltd.*, 194 F.R.D. 469, 472 (S.D.N.Y. 2000) (internal citations omitted) (citing *Cooper Indus., Inc. v. British Aerospace, Inc.*, 102 F.R.D. 918, 919 (S.D.N.Y. 1984)); *Alimenta (U.S.A.), Inc. v. Anheuser–Busch Cos.*, 99 F.R.D. 309, 313 (N.D. Ga. 1983); *Hubbard v. Rubbermaid, Inc.*, 78 F.R.D. 631, 637 (D. Md. 1978)).  In the corporate context, control "rests on a determination of whether the [respondent]

has practical and actual managerial control over, or shares such control with, its affiliate, regardless of the formalities of corporate organization." *Uranium Antitrust Litig.*, 480 F. Supp. at 1145; *see also Anz Advanced Techs.*, 2011 WL 814663, at *9 (citation omitted) ("[P]ractical considerations such as 'common relationships' and shared ownership or management dictate whether a party can be held responsible for the production of its affiliate's materials."). Y.Co NY is owned by Y.Co SAM and exists solely for the purposes of holding New York-located bank accounts on behalf of Y.Co SAM's vessel owners and clients. Indeed, Y.Co NY's CEO and only known employee is James Foster (Power Decl. Ex. 1), who also acts as Financial Director for Y.Co SAM (and incidentally, is a custodian of records as he is extensively involved with management of the Vessel, including participation in correspondence with Straight Establishment and TCMI). Y.Co NY therefore has the right, authority or practical ability to obtain the materials on demand.

This Court has authority to issue orders compelling compliance with its discovery orders issued pursuant to Section 1782. *E.g., Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194 (11th Cir. 2016) (recognizing that district court retains jurisdiction to enforce its orders issued pursuant to § 1782 and affirming district court's issuance of $500 per day sanction based on failure to comply with § 1782 discovery orders). Based on the foregoing failure of Y.Co NY to make a single production in this action, Applicant Tatiana Akhmedova makes this motion to compel the production by Y.Co NY, a New York entity subject to this Court's jurisdiction, to immediately produce "all documents, communications, contracts, payment instructions and transactions related to the Vessel, from January 1, 2015 to present" in its possession or control.

Dated: New York, New York
       July 6, 2020

By: _/s/ James H. Power_____

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone:  (212) 513-3494
Facsimile:  (212) 385-9010
Email:  james.power@hklaw.com
        marie.larsen@hklaw.com

*Attorneys for Applicant Tatiana Akhmedova*