UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                        :
IN RE APPLICATION OF         :      19-MC-26 (JPO)
TATIANA AKHMEDOVA,       :
                        :
         APPLICANT,     :
                        :
REQUEST FOR DISCOVERY PURSUANT :
TO 28 U.S.C. § 1782.         :
                        :
-------------------------------------------------------------X

### MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL NON-PARTY Y.CO NY INC. TO RESPOND TO SUBPOENA

       Non-party Y.CO NY Inc. ("Y.CO NY"), by and through its undersigned counsel, respectfully submits this Memorandum of Law in Opposition to the Motion to Compel [*Docket Nos. 28-20*] filed by Applicant Tatiana Akhmedova ("Applicant") in connection with her subpoena issued on September 17, 2019 ("Subpoena"). Submitted herewith is the *Unsworn Declaration of James Foster* dated July 27, 2020.

### INTRODUCTION

       Y.CO NY respectfully submits that the Appellant's Subpoena should be quashed, for the following reasons.

       First, Applicant's subpoena is defective, inasmuch as it fails to allow the minimum 14-day period for response which the Court directed in its Order of April 24, 2019 [*Docket No. 11*].

       Second, Applicant has engaged in serial misrepresentations and omissions in her initial January 16, 2019 *Application for Discovery Pursuant to 28 U.S.C. § 1782* [*Docket*

*No. 3*] and in her *Motion to Compel* [*Docket Nos. 28-30*] which are sufficiently egregious to warrant the quashing of her Subpoena.

Third, Applicant fails to disclose that Y.CO NY Y.CO NY has already fully responded to the very same document request that comprises Applicant's Subpoena in this case. The single document request in Applicant's subpoena is underlined identical in substance to the first document request in a subpoena Applicant issued to Y.CO NY in an action she filed in New York state court, and to which Y.CO NY has fully responded.

Fourth, in pressing Y.CO NY for a response to her subpoena in the New York state court action, Applicant did not disclose that she would apparently take the position in this Court that Y.CO NY has a broader obligation in responding to the identical document request.  The burden on Y.CO NY in having to repeat its entire investigation and production of documents, especially during a worldwide pandemic, would be extremely onerous and unwarranted.

In the alternative, should the Court be inclined to direct Y.CO NY to respond to Applicant's duplicative document request, Y.CO NY respectfully requests that this Court enter a protective order pursuant to FRCP 26(c) in terms substantively similar to the Confidentiality Stipulation to which Applicant and Y.CO NY consented in the New York state court action.  Such an order is warranted because Y.CO and its related entities are under a contractual confidentiality obligation with respect to the documents referenced in the Subpoena.

## ARGUMENT

### POINT I

### APPLICANT'S SUBPOENA FAILS TO
### COMPLY WITH THIS COURT'S ORDER

In the *Declaration of James H. Power in Support of Motion to Compel* [*Docket 29*]

("Power Decl."), the following statement is made in paragraph 4:

> *Attached hereto as Exhibit 2 is a true and correct copy of the subpoena served on Y.Co NY via the New York Secretary of State, its registered agent for service of process in New York, along with an affidavit of service attesting to service of the subpoena on September 27, 2019.*

The Subpoena was served by Applicant pursuant to this Court's *Order*

*Granting Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782* entered on April

24, 2019 [*Docket No. 11*]. The Order states in paragraph 4 that Y.CO NY, inter alia, "…

shall produce the documents requested in their respective subpoenas within fourteen (14)

days of service of the subpoena." [*Id.*].

Although not mentioned by Applicant in her Motion to Compel, the

Subpoena specified a return date of September 30, 2019, a mere three days after Applicant

served the Subpoena on the New York Secretary of State.

Applicant's Subpoena thus fails to comply with this Court's Order and

should therefore be quashed.[1]

---

[1] In a letter submitted to the Court on September 16, 2019 [Docket No. 17], an attorney for non-party Farkhad Akhmedova, noted errors in Applicant's description of the various actions pending around the world for which she seeks discovery in this case.  This letter also noted that in view of the actual nature of these foreign actions, Applicant was not entitled to pursue discovery under 28 U.S.C. § 1782.  Y.CO NY respectfully incorporates the statements and citations n the letter as if fully set forth herein.

**POINT II**

**APPLICANT HAS ENGAGED IN A PATTERN
OF MISREPRESENTATION AND OMISSION WHICH
WARRANTS THE QUASHING OF HER SUBPOENA**

Applicant has filed two different civil actions in which she has served subpoenas on Y.CO NY. Prior to the filing of this case, on June 15, 2018, Applicant filed an action entitled *Tatiana Akhmedova v. Farkhad Akhmedov et al.*, in the Supreme Court of the State of New York - County of New York, Index No. 155688/2018. This New York state case names as defendants several of the parties whom Applicant identified in her initial application for discovery in this case [*Docket No. 3*]. Yet in submitting that application on January 16, 2019, Applicant did not disclose the already pending New York state case to this Court. On November 29, 2019, Applicant served a comprehensive subpoena on Y.CO NY in the New York state court case.

Applicant also served a subpoena on Y.CO Inc., a related company to Y.CO NY, in yet another action, this time in the Southern District of Florida entitled, *In re Application of Tatiana Akhmedova*, Case No. 18-mc-62968-BB (Sealed Case). In her initial application for discovery in this case [*Docket No. 3*], Applicant made the following statement at paragraph 32:

> *A sampling of information gathered from open sources and produced in response to subpoenas served on third parties in Florida and Texas is annexed hereto as **Exhibit 7** (Bates Nos YCO 0004-0009). As of January 1, 2017, as confirmed by Y.CO. Bates No. 0004, Farkhad's son Temur has become involved in assisting Farkhad with the LUNA and Y.CO. Bates No. 0007 confirms that the principle [Farkhad] and his new family were onboard during February and March 2017 while the Vessel was in the United States and that Farkhad was in full control of the Vessel including the timing of any inspections.*

4

Applicant referred obliquely to having obtained documents pursuant to "subpoenas on third parties in Florida," without disclosing that one of those "third parties" was Y.CO Inc., a related company to Y.CO NY. Applicant served a subpoena on Y.CO Inc. on December 11, 2018. Y.CO NY responded by producing documents (with the "YCO" Bates number prefix referenced in the above quotation) and serving formal objections ten days later on December 21, 2018. Applicant made no further effort to pursue the Florida subpoena.

Applicant's failure to disclose that she had already obtained documents from Y.CO Inc. is material. Not only did Applicant fail to acknowledge that she had already obtained documents from third parties including Y.CO Inc., Applicant used her description of those documents to pursue a subpoena against Y.CO NY without telling this Court that she had already subpoenaed a related company.[2]

As noted above, on September 17, 2019, Applicant served Y.CO NY with the Subpoena in this action, which consists of a single document request. Although counsel for Applicant had previously communicated with Y.CO. Inc.'s counsel in the Florida case, Applicant did not raise the status of Y.CO NY's response to the Subpoena in this case until December 17, 2019.[3]

---

[2] On August 26, 2019, Applicant filed a related action in this district, *Tatiana Akhmedova v. Farkhad Akhmedova and Straight Establishment*, SDNY Case No. 1:19-cv-7966 (NRB) without designating this case as a related case. In this other case, Judge Buchwald entered an order questioning the existence of subject matter jurisdiction and invited Applicant to brief the issue. Upon Applicant's failure to do so, the case was dismissed.

[3] From the beginning, counsel for Applicant has been fully aware of the related companies comprising the Y.CO group because they have represented Y.CO Inc. in corporate matters in Florida since January 2017. It is only because of a reticence to litigate the highly detailed language in Y.CO Inc.'s retainer agreement purporting to constitute a waiver by Y.CO Inc. of any conflicts that the Y.CO companies have not yet sought disqualification of Applicant's counsel.

Applicant notes in her *Motion to Compel* that she served a subpoena on Y.CO NY in the state court action on November 29, 2019, but she failed to inform this Court that the single document request in the Subpoena in this case is included, in terms identical in substance, among the document requests in the state court subpoena.

On December 11, 2019, Y.CO NY responded to the state court subpoena with comprehensive objections and comments. It is noteworthy that, as mentioned above, within a week of receiving Y.CO NY's initial response to the New York state court subpoena, Applicant sought to avoid those objections by suddenly pursuing Y.CO NY for a response to the Subpoena in this case, which it had served three months earlier but had not previously pursued.

On January 22, 2020, counsel for Applicant in this case and undersigned counsel met and conferred to discuss both the Subpoena in this case and the subpoena in the New York state court case. It was agreed that Y.CO NY would proceed with the New York state court subpoena first, a fact that Applicant has not disclosed to this Court.

In her *Motion to Compel*, Applicant alleges at foonote 3 that:

> *None of the documents produced in the New York Supreme Court action have been produced in this action, evidenced by the fact that Y.Co NY has maintained that such documents (constituting 1486 pages) contain confidential information, and was only willing to produce them pursuant to a protective agreement filed with the New York Court ….*

This is hardly an accurate description of the events. During the meet and confer session, undersigned counsel advised counsel for Applicant that Y.CO NY was under a contractual confidentiality agreement impacting virtually all of the documents sought in both of the two pending subpoenas. Shortly after the session, Undersigned

counsel provided the exact language of the confidentiality clause to counsel for Applicant.

After considerable discussion and drafting, on April 17, 2020, counsel for Applicant and undersigned counsel finalized a *Stipulation and Order for the Protection of Confidential Information and Documents* for use in the New York state court action.  Less than two weeks later, Y.CO NY began its rolling production of documents in response to the New York state court subpoena.   Over the course of April through June 2020, Y.CO NY produced five tranches of documents totaling 1,486 pages.[4]

In her *Motion to Compel*, Applicant describes the documents being sought from Y.CO NY as predominantly relating to various wire transfers made or received by Y.CO NY.  [*Docket No. 30 at pp. 2-4*].  At the same time, Applicant fails to advise this Court that in response to her New York state court subpoena, Y.CO NY has already produced every single monthly statement for its three bank accounts in New York having to do with the subject of this action.

The most egregious and cynical misrepresentation by Applicant is the following assertion in footnote 1 of her Motion to Compel [*Docket No. 29*]:

> *Following Applicant's discovery of the existence of these accounts, they have since been shut down and the funds transferred out of the United States to Y.Co Limited's account in Liechtenstein, in violation of a Temporary Restraining Order issued by the New York court, which is currently the subject of a motion for contempt in a separate action.*

---

[4] The very significant effort undertaken by Y.CO NY to fully respond to the Subpoena is described in the *Unsworn Declaration of James Foster* submitted herewith.

Applicant made this very allegation in a motion for contempt of court in the New York state court action, in respect of what was a single wire transfer. Although Applicant alleges here that the transfer was "in violation of a Temporary Restraining Order," Applicant does not mention to this Court that Y.CO NY submitted sworn declarations and substantial documentary evidence establishing that it did <u>not</u> violate the temporary restraining order. Applicant also fails to advise this Court that, notwithstanding her bald allegation here, she did not submit any evidence in reply to this very substantial evidence presented by Y.CO NY.

If that were not egregious enough, Applicant would have this Court believe, from the last part of the above quotation, that Y.CO NY's transfer of funds "is currently the subject of a motion for contempt in a separate action." Applicant's submission containing this assertion was signed and filed on July 6, 2020. It is simply incredible that Applicant manages to avoid mentioning that ten days earlier, on June 26, 2020, the New York state court <u>denied</u> Applicant's motion to have Y.CO NY held in contempt of the TRO. *See* **EXHIBIT 1** attached hereto.

## POINT III

### APPLICANT FAILS TO DISCLOSE TO THIS COURT THAT Y.CO NY HAS ALREADY FULLY RESPONDED TO AN IDENTICAL DOCUMENT REQUEST BY APPLICANT IN THE NEW YORK STATE COURT ACTION

In footnote 3 of her *Motion to Compel* [*Docket No. 30*], Plaintiff states to this Court that:

> … *For the avoidance of doubt, the document requests served by Applicant and the documents received (which production is also deficient and will be subject to a motion to compel in that action, if necessary) in that action are narrower in scope than the document request issued in this action. Therefore, this motion to compel is not*

*mooted by the minor production made by Y.Co NY in the New York action.*

This is a highly misleading representation, as the single request in the Subpoena in this action, and one of the requests in the New York state court subpoena, are identical in substance.  Since Applicant has not provided the subpoena in the New York state court action to support its claim, Y.CO NY submits a copy as **<u>Exhibit B</u>** to the *Unsworn Declaration of James Foster* submitted herewith.  As can be seen, the first request for documents in the New York state court subpoena is as follows:

> *1. For the period beginning January 1, 2015 to the date of production, copies of all documents, communications, contracts, payment instructions and transactions related to the vessel M/Y LUNA (IMO No. 1010222) (hereinafter, the "Vessel").*

As noted above, Y.CO NY has fully responded to this subpoena. By comparison, the request for documents in the Subpoena served by Applicant in this case consists of the following single document request:

> *1. Copies of all documents, communications, contracts, payment instructions and transactions related to the vessel M/Y LUNA (IMO No. 1010222) for the period beginning January 1, 2015 to the present.*

It strains credulity for Applicant to argue that these two requests are not identical in substance.  Y.CO NY respectfully submits that in moving to compel it to "re-respond" to the same document request, Applicant is seeking discovery that is "unreasonably cumulative or duplicative" within the meaning of Rule 26(b)(2)(C)(i) of the Federal Rules of Civil Procedure.  For this reason, Applicant's subpoena should be quashed.

## POINT IV

### APPLICANT'S MOTION SHOULD BE DENIED IN VIEW OF HER HIGHLY MISLEADING CONDUCT AND THE RESULTING UNDUE BURDEN AND EXPENSE TO Y.CO NY

Applicant appears to be arguing that Y.CO NY is obligated in this action not only to produce all responsive documents in its possession, custody and control, as it has already done in the New York state court action, but also those in the possession and control of related companies elsewhere in the United States, in England, and in Monaco.

If that is correct, then it is here that Applicant engages in highly misleading and abusive conduct that, if ratified by this Court, will inflict upon Y.CO NY the undue burden and expense that is prohibited under FRCP 26(c)(1).

Over the course of several months of many discussions and extensive correspondence between counsel for Applicant and undersigned counsel, Applicant did not once disclose that after Y.CO NY responded to the New York state court subpoena, she would take the position in this action that Y.CO NY has a greater obligation in responding to the identical document request.

Indeed, in the New York state court subpoena, Applicant included language in her instructions indicating that documents were being requested from related companies to Y.CO NY in the United States and abroad.  In Y.CO NY's initial response to the New York state court subpoena, **EXHIBIT 2,** undersigned counsel registered the following objections:

10

> 1. As Plaintiff is well aware, YCO.NY is not the manager of the M/Y LUNA; that function is carried out by YCO S.A.M., a separate corporate entity located in the Principality of Monaco. Plaintiff is similarly aware from the Jordan Declaration that YCO.NY's connection with the M/Y LUNA is limited to its role in processing payments made in U.S. Dollars. This is confirmed by the bank statements Plaintiff has already obtained from Bank of America for the two accounts maintained by YCO.NV in respect of the M/Y LUNA. As Plaintiff also knows, YCO.NY has no office, or officers, directors, or employees, in the State of New York, nor does it maintain any documents in the State of New York. It is a creature of regulation and nothing more. It certainly cannot be said that YCO.NY exercises control over other legal entities in the YCO group or the documents that those entities maintain in other jurisdictions. YCO.NY therefore objects to the production of all such documents on the grounds that doing so would be unduly burdensome.

> 2. For the foregoing reasons, YCO.NY also objects to Plaintiff's use of the term "Y.Co.," as defined on page 5 of the Subpoena and will deem the term "Y.Co." as meaning YCO.NY.

While Applicant argues here that Y.CO NY is obligated to provide related-company documents here, it fails to explain how that renders the New York state court subpoena narrower.  Moreover, under New York state court procedural rules, a party can seek documents of a related company that are within the control of a subpoenaed party, yet Applicant has never once responded to Y.CO NY's objection to such a request.

Rather than respond to the above objections before Y.CO NY underwent very substantial effort and expense in identifying, assembling, and producing more than a thousand documents, Applicant chose instead to sit back, wait for Y.CO NY to provide its full response to the New York state court subpoena, and then come into this Court to spring her outrageous "trap."

For Y.CO NY to have to repeat its entire investigation and production of documents, especially during a worldwide pandemic, would be a burden that is not only

undue but also wholly unwarranted.  The full extent of this burden is explained in detail in the *Unsworn Declaration of James Foster* submitted herewith.

    The actions described above constitute bad faith and abusive conduct on the part of Applicant.  Y.CO NY therefore respectfully requests that this Court quash the Subpoena.

**POINT V**

**IN THE ALTERNATIVE, ANY PRODUCTION OF DOCUMENTS
<u>SHOULD BE MADE PURSUANT TO A CONFIDENTIALITY ORDER</u>**

    In the alternative, should the Court be inclined to direct Y.CO NY to respond to Applicant's duplicative document request, Y.CO NY respectfully requests that this Court direct Applicant and Y.CO NY to submit  a protective order pursuant to FRCP 26(c), in terms substantively similar to the Confidentiality Stipulation entered into in the New York state court action. *See*, **<u>EXHIBIT 3</u>**.  Such an order is warranted before Y.CO NY is required to respond to the Subpoena because, as noted above, Y.CO and its related entities are under a contractual confidentiality obligation with respect to the documents referenced in the Subpoena.

**<u>CONCLUSION</u>**

**FOR THE FOREGOING REASONS, Y.CO NY INC. RESPECTFULLY REQUESTS THAT THIS COURT QUASH THE SUBPOENA ISSUED TO IT BY APPLICANT**

Dated:  July 27, 2020   Respectfully submitted,

        LAW OFFICES OF SIMON HARTER, ESQ.
        Attorneys for Non-Party Y.CO NY INC.

     By: /s/ Simon Harter
       Simon Harter (SH-8540)
       225 West 34th Street – Ninth Floor
       New York, New York 10122
       Tel: (212) 979-0250
       Fax: (212) 979-0251
       sharter@harterlaw.com