

225 W. 34th Street – 9th Floor  
New York, New York 10122  
Tel: (212) 979-0250  
Fax: (212) 979-0251  
sharter@harterlaw.com

30 Nassau Street – Suite 460  
Princeton, New Jersey 08542  
Tel: (609) 688-8330  
Fax: (609) 688-8331  
www.harterlaw.com

December 11, 2019

*Via Email*
James H. Power, Esq.
james.power@hklaw.com
Holland & Knight LLP
31 West 52nd Street
New York, New York 10019

    Re:    Tatiana Akhmedova v. Farkhad Akhmedov et al.
             Supreme Court of the State of New York - County of New York
             Index No. 155688/2018

Dear Mr. Power:

We have very recently been instructed to act for YCO NY Inc. ("YCO.NY") in connection with the above-referenced action. We write in a good faith effort to resolve various issues and objections pertaining to the Subpoena Duces Tecum ("Subpoena") dated November 19, 2019 which Plaintiff directed to YCO.NY.

YCO.NY hereby requests pursuant to CPLR 2304 that Plaintiff modify her Subpoena in the following respects.

### I. <u>PROCEDURAL ISSUES PERTAINING TO SUBPOENA</u>

    A.    <u>Period for Response</u>

Although the Subpoena was served on the Secretary of State on Wednesday, November 20, 2019, it did not reach Corporation Service Company, YCO.NY's designated agent for service of process until Monday, November 25, 2019. Due to the Thanksgiving holiday, CSC did not forward the Subpoena to YCO.NY's New York designee, Richard B. Friedman, Esq., until November 29, 2019, and it did not reach YCO.NY until December 4, 2019.

We acknowledge that service of the Subpoena was legally effective on November 20, 2019. At the same time, however, the return date of the Subpoena was set

at the minimum period allowed of twenty days thereafter. For these reasons, YCO.NY requests that the parties make a good faith attempt to agree on a date certain by which YCO.NY will respond to the Subpoena.

 B. <u>Confidentiality</u>

Many of Plaintiff's requests call for documents that contain confidential information, not only with respect to YCO.NY, but also numerous third parties with which YCO.NY has engaged in financial transactions.

In this vein, YCO.NY is very disappointed that Plaintiff has chosen to file into the public record, in unredacted form, a number of YCO.NY's bank statements, as Exhibits 1-5 to its Motion for Contempt. These bank statements contain private and confidential banking information, not only with respect to YCO.NY and its related entities, but also the numerous third parties with whom YCO.NY has engaged in financial transactions.

YCO.NY requests that Plaintiff stipulate to the entry of an appropriate Confidential Order covering any and all documents produced and/or to be produced, by Bank of America, YCO.NY, and any other party or person producing documents of the same character. Should Plaintiff not agree to this request, YCO.NY will be forced to seek a Protective Order and will seek its fees and costs in bringing the motion.

 C. <u>Costs of Compliance</u>

YCO.NY requests that the parties make a good faith attempt to reach agreement on the extent of Plaintiff's obligation to bear any expenses associated with YCO.NY's production of documents pursuant to the Subpoena. Such expenses may include, but are not limited to, YCO.NY's legal fees, ESI fees, and production costs. <u>See</u> CPLR 2304 (Legislative Studies and Report); CPLR 3122(d); Comment C3122:4.

**II. <u>SUBSTANTIVE ISSUES PERTAINING TO SUBPOENA</u>**

Pursuant to CPLR 3122, YCO.NY registers the following preliminary objections to the Subpoena and reserves its right to supplement these objections as circumstances warrant.

 A. <u>General Objections</u>

1. As Plaintiff is well aware, YCO.NY is not the manager of the M/Y LUNA; that function is carried out by YCO S.A.M., a separate corporate entity located in the

Principality of Monaco. Plaintiff is similarly aware from the Jordan Declaration that YCO.NY's connection with the M/Y LUNA is limited to its role in processing payments made in U.S. Dollars. This is confirmed by the bank statements Plaintiff has already obtained from Bank of America for the two accounts maintained by YCO.NV in respect of the M/Y LUNA. As Plaintiff also knows, YCO.NY has no office, or officers, directors, or employees, in the State of New York, nor does it maintain any documents in the State of New York. It is a creature of regulation and nothing more. It certainly cannot be said that YCO.NY exercises control over other legal entities in the YCO group or the documents that those entities maintain in other jurisdictions. YCO.NY therefore objects to the production of all such documents on the grounds that doing so would be unduly burdensome.

2. For the foregoing reasons, YCO.NY also objects to Plaintiff's use of the term "Y.Co.," as defined on page 5 of the Subpoena and will deem the term "Y.Co." as meaning YCO.NY.

3. YCO.NY objects to all requests that call for the production of documents that are utterly irrelevant to this action. Indeed, it appears that a great many of Plaintiff's requests have no relation whatsoever to YCO.NY and are interposed for the improper purpose of pursuing jurisdictional discovery relating to one or more of the Defendants.

4. YCO.NY objects to all requests that are overbroad in light of the scope of the request, or the lack of a reasonable time frame applicable to the requested documents. YCO.NY is willing to discuss a more narrow scope and/or time frame for each request to which this objection is made.

5. The Subpoena calls for the production of documents that are confidential and contain private financial information pertaining not only to YCO.NY and its affiliated companies, but also to entirely separate third parties with whom YCO.NY has engaged in financial transactions. Unprotected disclosure of the confidential and private financial information of such third parties is likely to expose YCO.NY to legal liability.

B.  <u>Objections to Plaintiff's Document Requests by Number</u>

1. YCO.NY objects to this request on the grounds that it is overbroad in scope in calling for the production of all documents relating to the vessel N/Y LUNA without any explanation or indication of how such a broad range of documents, if any such documents exist beyond those already produced by Bank of America, is relevant to

the claims herein and, further, in view of the fact that the requested time period extends back in time nearly five years. See also General Objection No. 5.

2. YCO.NY objects to this request on the grounds that it is overbroad in scope in calling for the production of all Vessel management contracts between YCO.NY and two of the Defendants without any explanation or indication of how such a broad range of documents, if any such documents exist, is relevant to the claims herein and, further, in view of the fact that the time frame for the requested documents is wholly unlimited. See also General Objection No. 5.

3. YCO.NY objects to this request on the grounds that it is overbroad in calling for all documents concerning contracts or communications with LUCA IC Crew Ltd *[sic]* or its agents without any explanation or indication of how such a broad range of documents, if any such documents exist, is relevant to the claims herein and, further, in view of the fact that the requested time frame is wholly unlimited.

4. YCO.NY objects to this request on the grounds that it is overbroad in view of the fact that the time frame for the requested documents is wholly unlimited. See also General Objection No. 45

5. YCO.NY objects to this request on the grounds that it is overbroad in scope inasmuch as it is lacking any explanation or indication of how such a broad range documents, if any such documents exist, is relevant to the claims herein and, further in view of the fact that the requested time frame is wholly unlimited. See also General Objection No. 5.

6. YCO.NY objects to this request on the grounds that it is overbroad in view of the fact that the time frame for the requested documents is wholly unlimited. See also General Objection No. 5.

7. YCO.NY objects to this request on the grounds that it is overbroad in scope inasmuch as it is lacking any explanation or indication of how such a broad range documents, if any such documents exist, is relevant to the claims herein. See also General Objection No. 5.

8. See General Objection No. 5.

9. YCO.NY objects to this request on the grounds that it is overbroad in scope inasmuch as it is lacking any explanation or indication of how such a broad range documents, if any such documents exist, is relevant to the claims herein and, further in

view of the fact that the requested time frame is wholly unlimited. See also General Objection No. 5.

10. YCO.NY objects to this request on the grounds that it is overbroad in scope inasmuch as it is lacking any explanation or indication of how such a broad range documents, if any such documents exist, is relevant to the claims herein and, further, that the requested time period extends back in time nearly five years. See also General Objection No. 5.

11. YCO.NY objects to this request on the grounds that: (a) it calls for the production of documents which may be subject to the attorney-client privilege or work product document; (b) it is overbroad in scope inasmuch as it is lacking any explanation or indication of how such a broad range documents, if any such documents exist, is relevant to the claims herein; (c) the requested time frame is wholly unlimited; and (d) see General Objection No. 5.

12. YCO.NY objects to this request on the grounds that it is overbroad in scope inasmuch as it is lacking any explanation or indication of how such a broad range documents, if any such documents exist, is relevant to the claims herein and, further in view of the fact that the requested time frame is wholly unlimited. See also General Objection No. 5.

13. YCO.NY objects to this request on the grounds that it is overbroad in scope inasmuch as it is lacking any explanation or indication of how such a broad range documents, if any such documents exist, is relevant to the claims herein and, further in view of the fact that the requested time frame is wholly unlimited. See also General Objection No. 5.

14. YCO.NY objects to this request on the grounds that it is overbroad in scope inasmuch as: (a) it calls for the production of documents which may be subject to the attorney-client privilege or work product document; (b) it is overbroad in requesting all communications by "Y.Co." subsequent to September 12, 2019 at 8:14 EST, without regard to with whom Y.Co. communicated; (c) it is overbroad in requesting all communications by "Y.Co." subsequent to September 12, 2019 at 8:14 EST inasmuch as it lacks any explanation or indication of how such a broad range documents, if any such documents exist, is relevant to the claims herein; and (d) see General Objection No. 5.

December 11, 2019<br>Page 6

## III. <u>RESERVATION OF RIGHTS</u>

This communication is without prejudice to all of YCO.NY's rights at law, under contract, and in equity, all of which are hereby fully reserved, including but not limited to YCO.NY's position that Holland & Knight LLP is subject to disqualification in this action due to its ongoing representation of YCO Inc.

We look forward to hearing from you in due course.

With best regards,

Simon Harter

cc:  *Via email*
     Jason Kislin, Esq.
     KislinJ@gtlaw.com
     Greenberg Traurig, LLP
     Attorneys for Defendant Farkhad Akhmedov

     Andrew S. deKlerk, Esq.
     adeklerk@frilot.com
     Brandon K. Thibodeaux, Esq.
     bthibodeaux@frilot.com
     Frilot LLC
     Lead Attorneys for YCO.NY