**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

---------------------------------------------------------------------X

| | | |
|---|---|---|
| TATIANA AKHMEDOVA, | : | Index No. 155688/2018 |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | **STIPULATION AND ORDER** |
| | : | **FOR THE PROTECTION** |
| FARKHAD AKHMEDOV, COTOR INVESTMENT, | : | **OF CONFIDENTIAL** |
| S.A., QUBO 1 ESTABLISHMENT, QUBO 2 | : | **INFORMATION AND** |
| ESTABLISHMENT, STRAIGHT ESTABLISHMENT, | : | **DOCUMENTS** |
| and AVENGER ASSETS CORPORATION, | : | |
| | : | |
| Defendants. | : | |

---------------------------------------------------------------------X

This matter having come before the Court by stipulation of plaintiff, TATIANA AKHMEDOVA ("Plaintiff"), and subpoenaed garnishee, Y.CO NY, INC. ("Y.CO NY") for the entry of a protective order pursuant to CPLR 3103(a), limiting the review, copying, dissemination and filing of confidential and/or proprietary information and documents to be produced by YCO.NY, INC. in the course of discovery in this matter to the extent set forth below; and the parties hereto, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1. This Stipulation is being entered into to facilitate the production of documents and information by Y.CO. NY that may merit confidential treatment.

2. Y.CO. NY may designate documents and information it produces in connection with this action as "Confidential," either by notation on the document, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

    (a) "Confidential Information" shall mean all documents and all information contained therein, and other information designated as confidential, if such documents contain trade secrets, proprietary business information, competitively sensitive information, personal information implicating an individual's legitimate expectation of privacy or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients. Information, documents and communications shall not be designated as Confidential Information merely because it contains information that can be used by Plaintiff to execute on the Judgment entered in this matter or consists of communications between Y.CO NY and Defendants. Confidential information shall not include information or documents that are in the public domain or obtained from other sources.

    (b) "Producing party" shall mean the parties to this action and any third parties producing "Confidential Information" in connection with document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

    (c) "Receiving party" shall mean the party to this action and/or any non-party receiving "Confidential Information" in connection with document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential

Information and the Producing party and Receiving party shall meet and confer within 7 days of Receiving party raising objections. If the Producing party does not agree to declassify such document or material, the Receiving party may move before the Court for an order declassifying those documents or materials. If the Receiving party obtains a favorable order after making such motion the Receiving party shall be entitled to reimbursement of fees and costs for making such motion. If no such motion is filed, such documents or materials shall continue to be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

   a. counsel for the parties to this action and their associated attorneys, paralegals and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action, trial, or other proceeding, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

   b. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action, trial, or other proceeding, or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding; provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

3

      c.      the Court and court personnel, if filed in accordance with paragraph 12 hereof; and

      d.      an officer before whom a deposition is taken, including stenographic reporters and

      e.      trial and deposition witnesses, if furnished, shown or disclosed in accordance with paragraphs 9 and 10, respectively, hereof; and

      f.      any other person agreed to by the parties.

6. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation and for no other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(b) hereof, counsel for the Receiving party shall provide the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other parties and Y.CO NY at the time of the disclosure of the information required to be disclosed by CPLR 3101(d), except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial is not required to be supplied.

8. All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the parties and Y.CO NY. At or before the end of such fifteen-day period, the deposition shall be classified appropriately.

9. Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon motion of the disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

10. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof. Any court reporter and deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party(ies) and Y.CO NY.

11. A party to this action may designate as Confidential Information subject to this Stipulation any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof. In the case of documents, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to fifteen (15) days after actual receipt of copies of those documents by counsel for the party asserting the confidentiality privilege. In the case of deposition testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to fifteen (15) days after the transcript is received by counsel for the party asserting the confidentiality privilege. Prior to the expiration of such fifteen (15) day period (or until a designation is made by counsel, if such a designation is made in a

shorter period of time), all such documents shall be treated as Confidential Information.

(a) A Receiving Party who seeks to file with the Court any deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated as Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Information, shall provide all other parties and Y.CO NY with seven (7) days' written notice of its intent to file such material with the Court, so that the Producing Party may file by Order to Show Cause a motion to seal such Confidential Information. The Confidential Information shall not be filed until the Court renders a decision on the motion to seal.  In the event the motion to seal is granted, all deposition transcripts, exhibits, answers to interrogatories, and other documents which have previously been designated by a party as containing Confidential Information, and any pleading, brief or memorandum which reproduces, paraphrases or discloses such material, shall be filed in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL-SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

"This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties, Y.CO NY and their counsel of record, except by order of the Court or consent of the parties. Violation hereof may be regarded as contempt of the Court."

(b)    As an alternative to the procedure set forth in paragraph 12(a), any party may file with the court any documents previously designated as Confidential Information by submitting such documents to the Part Clerk in sealed envelopes or other appropriate sealed container on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL - SUBJECT TO STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION" as an indication of the nature of the contents, and a statement in substantially the following form:

"This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties, Y.CO NY and their counsel of record, except by order of the Court or consent of the parties."

Such documents shall be returned by the Part Clerk upon disposition of the motion or other proceeding for which they were submitted.

(c)    All pleadings, briefs or memoranda which reproduces, paraphrases or discloses any documents which have previously been designated by a party as Confidential Information, shall identify such documents by the production number ascribed to them at the time of production.

(d)    Notwithstanding any of the agreed terms set forth hereinabove in Paragraph 11, or elsewhere herein, to the extent the Judge, the Court, a Court officer, Clerk or any other person with authority on court administration and procedure provides contrary instructions the terms set forth in this Stipulation and Order shall be subordinated.

12.    Any person receiving Confidential Information shall not reveal or discuss such

information to or with any person not entitled to receive such information under the terms hereof.

13. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraphs 2 and/or 11 of this Stipulation, may be so designated by the party asserting the confidentiality privilege by written notice to counsel for the Receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

15. The production or disclosure of Confidential Information shall in no way constitute a waiver of the right of any party or Y.CO NY to object to the production or disclosure of other information in this action or in any other action.

16. This Stipulation is entered into without prejudice to the right of party or Y.CO NY to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Civil Practice Law and Rules or other applicable law.

17. This Stipulation shall continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of any the Stipulation. The provisions of this Stipulation

shall, absent prior written consent of the parties and Y.CO NY, continue to be binding after the conclusion of this action.

18. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

19. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy physical objects and documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties or Y.CO NY may retain one copy of documents, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

20. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party or Y.CO NY to move for relief from any of its provisions, or to

seek or agree to different or additional protection for any particular material or information.

Dated: April 17, 2020
New York, New York

| HOLLAND & KNIGHT, LLP | LAW OFFICES OF SIMON HARTER, ESQ. |
|---|---|
| By: _____ <br> James H. Power <br> Marie Larsen <br> 31 West 52nd Street <br> New York, New York 10019 <br> Tel. (212) 513-3200 <br> Fax: (212) 385-9010 <br> james.power@hklaw.com <br> marie.larsen@hklaw.com <br><br> Attorneys for Plaintiff, <br> TATIANA AKHMEDOVA <br><br> Dated: April 17, 2020 | By: _____ <br> Simon Harter <br> 225 W. 34th Street – 9th Floor <br> New York, New York 10122 <br> Tel: (212) 979-0250 <br> Fax: (212) 979-0251 <br> sharter@harterlaw.com <br><br> Attorneys for Subpoenaed Non-Party <br> Y.CO NY, INC. <br><br> Dated: April 17, 2020 |

SO ORDERED: _____
                          J.S.C.

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
TATIANA AKHMEDOVA,                                  :   Index No. 155688/2018
                                                    :
                PLAINTIFF,           :
                                                    :
     against-                                      :
                                                    :
FARKHAD AKHMEDOV, COTOR INVESTMENT,                 :
S.A., QUBO 1 ESTABLISHMENT, QUBO 2                  :
ESTABLISHMENT, STRAIGHT ESTABLISHMENT,              :
and AVENGER ASSETS CORPORATION,                     :
                                                    :
                DEFENDANTS.          :
-------------------------------------------------------------------X

### AGREEMENT TO COMPLY WITH STIPULATION AND ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION AND DOCUMENTS

I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulation and Order for the Production of Confidential Information and Documents ("Stipulation") entered in the above-entitled action on April _____, 2020.

5. I have carefully read and understand the provisions of the Stipulation.

6. I will comply with all of the provisions of the Stipulation.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes stated in the Stipulation, any Confidential Information that is disclosed to me.

11

8.      I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.      I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.


Dated: _____                  _____
                                         Name: _____
                                         Acting for: _____