UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------X
                                                            :
IN RE APPLICATION OF                    :   19-MC-26 (JPO)
TATIANA AKHMEDOVA,                      :
                                        :
                    APPLICANT,          :
                                        :
REQUEST FOR DISCOVERY PURSUANT          :
TO 28 U.S.C. § 1782.                    :
                                        :
------------------------------------------------------------X
```

### UNSWORN DECLARATION OF JAMES FOSTER
### PURSUANT TO 28 U.S.C. §1746

I, **JAMES FOSTER**, do hereby declare pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Chief Executive Officer of Y.CO NY INC. ("Y.CO NY"), a non-party to this action. I submit this Declaration in opposition to the Applicant's motion to compel Y.CO NY to respond to her subpoena.

### Y.CO NEW YORK INC.

2. Y.CO NY is a New York corporation formed pursuant to regulation for the purpose of maintaining U.S. bank accounts through which commercial payments could be made in U.S. Dollars. Y.CO NY does not have an office or any employees in the State of New York.

3. Y.CO NY provides banking services for the benefit of Y.CO S.A.M., a related company located in the Principality of Monaco, in connection with their business activities relating to the crewing, maintenance, and

repair of a number of superyachts owned by clients of Y.CO. group-companies around the world.

4. One of the superyachts that Y.CO S.A.M. manages is the M/Y LUNA, which is the subject of numerous court proceedings around the world between the Applicant in this case on the one hand and her former husband, Farkhad Akhmedov, their son Temur Akhmedov, and various corporate entities, on the other hand.

5. As I indicated above, I am the CEO of Y.CO NY and also hold positions with other companies in the Y.CO group of companies. The Treasurer of Y.CO NY is Andrew Jordan. Mr. Jordan and I are the only officers of Y.CO NY. I work at the offices of Y.CO S.A.M. and Mr. Jordan works in the office of Y.CO Inc, located in Fort Lauderdale.

## APPLICANT'S MULTIPLE SUBPOENAS

6. **New York State Court**. On June 15, 2018, Applicant filed an action in New York state court, *Tatiana Akhmedova v. Farkhad Akhmedov et al.*, Supreme Court of the State of New York - County of New York, Index No. 155688/2018.

7. On November 29, 2019, Applicant served a comprehensive subpoena on Y.CO NY in the state court action. **EXHIBIT A**.

8. On December 11, 2019, Y.CO NY responded with numerous objections and other comments. On January 22, 2020, counsel for Applicant and Y.CO NY's counsel met and conferred about the New York state court subpoena and the subpoena in this case.

9. Y.CO NY Inc. and its related companies are subject to a contractual confidentiality obligation relating to the LUNA which applies to virtually all of the documents requested by the Applicant in her state court subpoena. On April 17, 2020, counsel for Applicant and Y.CO NY's New York counsel finalized a Stipulation and Order for the Protection of Confidential Information and Documents.

10. Since the execution of the Confidentiality Stipulation, Y.CO NY has produced five tranches of documents, totaling 1,406 pages, over the course of the months from April to June, 2020.

11. **<u>Southern District of New York</u>**.  On January 16, 2019, Applicant filed this action pursuant to 28 U.S.C. § 1782.

12. On September 17, 2019, Applicant served Y.CO NY with a subpoena in this action consisting of one document request. **EXHIBIT B**.

13. Counsel for Applicant did not raise the status of this subpoena until December 17, 2019, less than a week after Y.CO NY served its initial objections to Applicant's New York state court subpoena.  As I have indicated, on January 22, 2020, counsel for Applicant and Y.CO NY's counsel then met and conferred to discuss the two subpoenas she had issued to Y.CO NY and agreed to proceed with the New York state court subpoena.

14. The subpoena issued in this action contains a single document request which is virtually identical to the first document request in the New York state court subpoena to which Y.CO NY has already responded.

15. The first request for documents in the New York state court subpoena is as follows:

    *1. For the period beginning January 1, 2015 to the date of production, copies of all documents, communications, contracts, payment instructions and transactions related to the vessel M/Y LUNA (IMO No. 1010222) (hereinafter, the "Vessel").*

16. The request for documents in Applicant's subpoena in this case is as follows:

    *1. Copies of all documents, communications, contracts, payment instructions and transactions related to the vessel M/Y LUNA (IMO No. 1010222) for the period beginning January 1, 2015 to the present.*

17. I read these two requests as being identical in terms of the documents requested. Y.CO NY has already responded to this request.

## UNDUE BURDEN IN HAVING TO RESPOND TO SUBPOENA

18. Responding to the subpoena that Applicant issued in the New York state court action required a very substantial amount of time and effort on my part, and on the part of my colleagues whose responsibilities include activities within the scope of that subpoena.

19. I first identified all personnel who may have prepared or submitted correspondence or invoices relating to the LUNA or who had been involved in any financial transactions involving the vessel. I spoke with these individuals directly to determine whether they had any documents called for by the New York state court subpoena.

20. I then directed a search of all electronically stored information and sought out any hard copy documents. I reviewed all of the documents I

4

had located to see if there were any other individuals who may have had any relevant involvement.

21. During this time, I was also required to take various steps to ensure that Y.CO NY did not violate its contractual confidentiality obligations relating to the LUNA.

22. This extremely time-consuming effort was made even more difficult due to the worldwide coronavirus pandemic. As I explained above, Y.CO S.A.M. manages superyachts around the world. As one would expect, throughout the period of the pandemic, there has been very little use of those vessels by their owners. Consequently, our revenues have dropped very significantly.

23. We have been under tremendous pressure to keep our operations going at lower operating costs and with a reduced staff level. Having to go through the entire process of searching for and producing documents, in response to a single subpoena item that is duplicative of one in the New York state court subpoena to which we have already responded, would place an undue burden on Y.CO NY Inc. and its related companies.

24. I am particularly disturbed that Applicant said nothing about the position she now advances at the time we did the initial search and document production.

25. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 27, 2020.

_____
JAMES FOSTER