

| | | LYN / ALL |
|---|---|---|
| | | **Transmittal Number: 20762350** |
| **Notice of Service of Process** | | **Date Processed: 11/29/2019** |

| | |
|---|---|
| **Primary Contact:** | Richard B. Friedman<br>Law Office of Richard B. Friedman<br>830 Third Avenue<br>5TH Fl<br>New York, NY 10022 |
| **Entity:** | YCO NY Inc.<br>Entity ID Number  3429188 |
| **Entity Served:** | YCo NY Inc. |
| **Title of Action:** | Tatiana Akhmedova vs. Farkhad Akhmedov |
| **Document(s) Type:** | Subpoena |
| **Nature of Action:** | Information/Appearance Request |
| **Court/Agency:** | New York County Supreme Court, NY |
| **Case/Reference No:** | 155688/2018 |
| **Jurisdiction Served:** | New York |
| **Date Served on CSC:** | 11/25/2019 |
| **Answer or Appearance Due:** | 12/11/2019 |
| **Originally Served On:** | Secretary of State in NY on 11/20/2019. |
| **How Served:** | Certified Mail |
| **Sender Information:** | James H. Power<br>212-513-3200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

State of New York - Department of State
Division of Corporations

Party Served:  
YCO NY INC.

Plaintiff/Petitioner:  
AKHMEDOVA, TATIANA

CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

Dear Sir/Madam:

Enclosed herewith is a legal document which was served upon the Secretary of State on 11/20/2019 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Telefax: (212) 385-9010
james.power@hklaw.com
marie.larsen@hklaw.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| TATIANA AKHMEDOVA,<br><br>　　　　Plaintiff,<br><br>　　-against-<br><br>FARKHAD AKHMEDOV, COTOR INVESTMENT, S.A., QUBO 1 ESTABLISHMENT, QUBO 2 ESTABLISHMENT, STRAIGHT ESTABLISHMENT and AVENGER ASSETS CORPORATION<br><br>　　　　Defendants. | Index No. 155688/2018<br><br>**SUBPOENA DUCES TECUM** |

TO:   YCo NY Inc.
　　　c/o New York Secretary of State
　　　One Commerce Plaza
　　　9 Washington Avenue
　　　Albany, New York 12231

GREETINGS:

YOU ARE HEREBY COMMANDED, pursuant to N.Y. CPLR Articles 23 and 31 to produce the documents identified on Schedule "A" attached hereto at the offices of HOLLAND & KNIGHT LLP, 31 West 52nd Street, New York, New York, on the **11th day of December, 2019, at 9 o'clock a.m.,** or at such other place and time as you may agree upon with the undersigned counsel for Tatiana Akhmedova.

The circumstances or reasons such disclosure is sought or required is because the witness has information and documents that are material and necessary to Plaintiff's claims against Defendant Farkhad Akhmedov as principal debtor and his alleged alter egos. Plaintiff has obtained an order granting summary judgment against Defendant in the amount of $487,278,000.00 plus interest.

PLEASE TAKE NOTICE, that failure to comply with this subpoena is punishable as a contempt of court and shall make you liable to the person on whose behalf this Subpoena was issued for a penalty not to exceed fifty dollars and for all damages sustained by reason of your failure to comply.

**Records Only. No one is required to testify. Records to be delivered to Holland & Knight LLP, 31 West 52nd Street, New York, New York 10019, Attention: James H. Power.**

Dated: New York, New York
November 19, 2019

HOLLAND & KNIGHT LLP

By: *[signature]*
James H. Power, Esq.
31 West 52nd Street
New York, New York 10019
Tel.:  (212) 513-3200
Email: james.power@hklaw.com

# SCHEDULE A

**Instructions:**

1. All document requests below seek responsive documents from the time period of **January 1, 2015** to the present.

2. In answering these document requests, you are requested to furnish all documents available to you regardless of whether this information is possessed directly by you, your agents, representatives, employees, representatives, or investigators; or by any other legal or non-legal entities controlled by and/or in any manner affiliated with you.

3. These document requests are continuing in nature. If, at any time after service of the initial answers hereto and prior to the trial of this action, you obtain additional information responsive to these document requests, you are required to supplement or amend your answers.

4. Where a claim of privilege is asserted in objecting to any document request or part thereof, and information is not provided on the basis of such assertion:
    a. In asserting the privilege, the responding party shall, in the objection to the document request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;
    b. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,
        i. the type of document,
        ii. the general subject matter of the document,
        iii. the date of the document,
        iv. the name and last known business address of each person who made, prepared, or signed the document;
        v. the name and last known business address of each person to whom the document was addressed and each person to whom a copy was sent;

3

    vi. the name and last known business address of any person who at any time had custody, possession or control of the original or a copy of the document, and name of, address, and his or her position with the business entity by which he or she was then employed;

    vii. the present location of the document; and

    viii. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answer to any document request, the specification shall be in sufficient detail to permit the request party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these document requests, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

**Definitions:**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Civil Practice Law and Rules.

1.     *Account:* The term "account" includes any bank account, brokerage account, checking account, investment account, money market account, securities account, or any other type of account maintained by and through the Bank or any of its affiliates, subsidiaries or related companies.

2.     *You/Your:* The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and

all," "any" means "any and all." "Including" means "including but not limited to," "and" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

3. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

4. *Communication:* The term "communication" means the transmittal of information by any means.

5. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" and include(s) the term "writing" as well as, but not limited to, books, records, minutes, letters, telegrams, memoranda, diaries, calendars, notes, worksheets, reports, surveys, calculations, cards, invoices, financial statements, accounts, checks, emails, receipts and any other written or printed matters, including computer tapes, discs, records and printouts and drafts of any of the foregoing, in whatever form any of such materials may appear and in whatever language, and all other tangible things on which words, figures, notations or sounds are recorded in writing, or by any other means, and any such material underlying, supporting or used in the preparation of any of the foregoing and all originals, counterparts and copies of the foregoing.

6. *Y.Co.:* The term "Y.Co." means Y.Co. NY Inc., as well as its affiliates Y.Co. Ltd. and Y.Co. SAM, and any employees, representatives or agents thereof.

**Requested Documents:**

1. For the period beginning January 1, 2015 to the date of production, copies of all documents, communications, contracts, payment instructions and transactions related to the vessel M/Y LUNA (IMO No. 1010222) (hereinafter, the "Vessel").

2. All Vessel management contracts between Y.Co. and Straight Establishment and/or Farkhad Akhmedov, all drafts thereof and any communications related thereto.

3. All documents and communications concerning crewing for the Vessel, including but not limited to any contracts or communications with LUNA IC Crew Ltd or its agents.

4. All documents and communications related to accounts used for payment of expenses related to the Vessel, including but not limited to Bank of America account No. 8980-6840-1280 and Account No. 8980-5247-3376.

5. All documents and communications related to payments made for the management, crewing, provisions, supplies, equipment, spare parts, insurance premiums, maintenance, permits and registration of the Vessel.

6. All documents and communications concerning or reflecting transfers made by Farkhad Akhmedov into the Bank of America accounts -1280 and -3376.

7. All documents and communications related to the purpose or use of the Y. Co. NY Inc. Bank of America accounts -1280 and -3376.

8. All documents and communications concerning the transfer of funds out of the Y. Co. NY Inc. Bank of America accounts -1280 and -3376 on or about September 12-13, 2019.

9. All documents and communications concerning the origination of funds received from Farkhad Akhmedov into the Bank of America accounts -1280 and -3376 in accordance with anti-money laundering or similar "Know Your Customer" obligations.

10. All documents and communications reflecting the registered and beneficial owners of the Vessel from January 2015 to present.

11. All communications between Y.Co. and its affiliates and the attorneys representing Farkhad Akhmedov or Straight Establishment in any jurisdiction.

12. Any tax returns or other documents reflecting ownership by Y.Co. or its affiliates of any of the funds contained in the Bank of America accounts -1280 and -3376.

13. All communications between Y.Co., its affiliates, representatives or agents with Farkhad Akhmedov, Temur Akhmedov, Straight Establishment, Andreas Schurti or Anthony Kerman.

14. All communications by Y.Co. following the notice of Temporary Restraining Order ("TRO") issued in the above-captioned action, provided to Y.Co. by undersigned counsel via e-mail on September 12, 2019 at 8:14pm EST.

201911200 327

189

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

*USPS CERTIFIED MAIL*



USPS CERTIFIED MAIL

9214 8969 0059 7931 5552 96

201911200327
CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY NY, 12207-2543