AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re Application of Tatiana Akhmedova ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No. 1:19-mc-00026 (JPO) |
| ) | |
| ) | |
| _Defendant_ ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  YCo NY, Inc.
c/o New York Secretary of State, One Commerce Plaza, 99 Washington Avenue, Albany, New York 12231
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A attached hereto

| Place: Holland & Knight LLP<br>31 West 52nd Street, New York, NY 10019<br>or by email: james.power@hklaw.com | Date and Time:<br><br>09/30/2019 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 09/17/2019

_CLERK OF COURT_

OR  _/s/ James K. Power_

_____      _____
Signature of Clerk or Deputy Clerk                  Attorney's signature

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Tatiana Akhmedova                                                      , who issues or requests this subpoena, are:
James H. Power, Holland & Knight LLP, 31 West 52nd Street, New York, NY 10019, james.power@hklaw.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:19-mc-00026 (JPO)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

**Instructions:**

1. All document requests below seek responsive documents from the time period of **January 1, 2015** to the present.

2. In answering these document requests, you are requested to furnish all documents available to you regardless of whether this information is possessed directly by you, your agents, representatives, employees, representatives, or investigators; or by any other legal or non-legal entities controlled by and/or in any manner affiliated with you.

3. These document requests are continuing in nature. If, at any time after service of the initial answers hereto and prior to the trial of this action, you obtain additional information responsive to these document requests, you are required to supplement or amend your answers.

4. Where a claim of privilege is asserted in objecting to any document request or part thereof, and information is not provided on the basis of such assertion:
   a. In asserting the privilege, the responding party shall, in the objection to the document request, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed;
   b. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information,
      i. the type of document,
      ii. the general subject matter of the document,
      iii. the date of the document,
      iv. the name and last known business address of each person who made, prepared, or signed the document;
      v. the name and last known business address of each person to whom the document was addressed and each person to whom a copy was sent;

      vi. the name and last known business address of any person who at any time had custody, possession or control of the original or a copy of the document, and name of, address, and his or her position with the business entity by which he or she was then employed;

     vii. the present location of the document; and

    viii. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answer to any document request, the specification shall be in sufficient detail to permit the request party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained.

6. If, in answering these document requests, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

**Definitions:**

    Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Civil Practice Law and Rules.

1. *You/Your:* The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all," "any" means "any and all." "Including" means "including but not limited to," "and" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

2. *Concerning:*   The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3. *Communication:*   The term "communication" means the transmittal of information by any means.

4. *Document:*   The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "documents" and include(s) the term "writing" as well as, but not limited to, books, records, minutes, letters, telegrams, memoranda, diaries, calendars, notes, worksheets, reports, surveys, calculations, cards, invoices, financial statements, accounts, checks, emails, receipts and any other written or printed matters, including computer tapes, discs, records and printouts and drafts of any of the foregoing, in whatever form any of such materials may appear and in whatever language, and all other tangible things on which words, figures, notations or sounds are recorded in writing, or by any other means, and any such material underlying, supporting or used in the preparation of any of the foregoing and all originals, counterparts and copies of the foregoing.

**Requested Documents:**

1. Copies of all documents, communications, contracts, payment instructions and transactions related to the vessel M/Y LUNA (IMO No. 1010222) for the period beginning January 1, 2015 to the present.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF
TATIANA AKHMEDOVA,

    Applicant,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.

Civil Action No. 19-mc-26 (JPO)

### ORDER GRANTING *EX PARTE* APPLICATION
### FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

This matter comes before the Court by Applicant's supplemental *ex parte* application for follow-up discovery pursuant to 28 U.S.C. § 1782 (the "Supplemental Application") filed by Applicant Tatiana Akhmedova. Having reviewed the Application, the supporting Declaration of James H. Power, dated April 23, 2019 and the filings made heretofore in this action, the Court is satisfied that the production of documentation is warranted pursuant to 28 U.S.C. § 1782, and the Court hereby ORDERS as follows:

1.     The Application is GRANTED.

2.     Applicant is authorized to issue and serve subpoenas on American Express, Bank of America, N.A., Bank of New York Mellon, BNP Paribas S.A., Barclay's Bank PLC, Citibank, N.A., Commerzbank AG, Credit Suisse AG New York Branch, Depository Trust & Clearing Corp., Deutsche Bank AG, HSBC Bank (USA) N.A., J.P. Morgan Chase Bank, N.A., Mastercard Inc., Societe Generale, Standard Chartered Bank, UBS AG and Wells Fargo Bank N.A. (the "New York Banks") for the production of the following documents:

    A.     For the period beginning January 1, 2015 to the present, copies of all wire transfer records processed by the New York Banks, as intermediary or correspondent banks,

where any of the following entities (the "Discovery Subjects") is an originator, beneficiary, or is otherwise referenced in the wire transfer:

    i. Temur Akhmedov;

    ii. Y. Co. NY Inc.;

    iii. YCo Ltd Luna;

    iv. Ladybird Trust

    v. Counselor Trust, as Trustee for Ladybird Trust;

    vi. Arbaj Trust;

    vii. Simul Trust;

    viii. Navy Blue Trust;

    ix. Sobaldo Establishment (formerly d/b/a Return Establishment);

    x. Genus Trust;

    xi. Carnation Trust;

    xii. Harris Worldwide Ltd.;

    xiii. Global Corporate Consultants Inc. (wire transfers to/from or referencing other discovery targets or the Vessel);

    xiv. Walch & Schurti (wire transfers to/from or referencing other discovery targets or the Vessel);

    xv. Kerman & Co LLP (wire transfers to/from or referencing other discovery targets or the Vessel);

    xvi. RFS Inter LP (wire transfers to/from other discovery targets);

    xvii. Soneva Management (BVI) Limited (wire transfers to/from other discovery targets);

2

      xviii. Baku Caspian Real Estates Limited (wire transfers to/from other discovery targets);

      xix. Range Developments Limited (wire transfers to/from other discovery targets);

      xx. Villazzo LLC (wire transfers to/from other discovery targets);

      xxi. Yachtsmyth LLC (wire transfers to/from or referencing other discovery targets or the Vessel);

      xxii. Trident Fiduciaries (Middle East) Limited;

      xxiii. STE Capital Corporation SA.

B. For the period beginning January 1, 2015 to the present, copies of all wire transfer records processed by the New York Banks, as intermediary or correspondent banks, where any of the following entities (the "Discovery Subjects") is an originator, beneficiary, or is otherwise referenced in the wire transfer:

      i. Farkhad Akhmedov;[1]

      ii. Cotor Investment, S.A.;

      iii. Qubo 1 Establishment;

      iv. Qubo 2 Establishment;

      v. Straight Establishment;

      vi. Avenger Assets Corporation;

      vii. Woodblade Limited;

      viii. Tiffany Limited - (Isle of Man);

      ix. Lucy Limited - (Isle of Man);

---

[1] Including but not limited to the bank account at Pasha Bank, ending in -8707 and UBS AG account ending -8060D.

    x. Carolina Limited - (Isle of Man);

    xi. Equiom (Isle of Man) Limited – Isle of Man;

    xii. Starspeed Limited ;

    xiii. WalPart Trust – Liechtenstein;

    xiv. Counselor Trust – Liechtenstein;

    xv. Stern Management Corp – Panama;

    xvi. Sunningdale Ltd – Cyprus;

    xvii. Sedell Finance Ltd – BVI;

    xviii. The Akhmedov 2013 Discretionary Trust – Bermuda.

    xix. WalPart Trust;

    xx. Counselor Trust;

B. For the period beginning January 1, 2015 to the present, copies of all wire transfer records processed by the New York Banks, as intermediary or correspondent banks, where any of the following entities is an originator, beneficiary, where the term "LUNA" and/or "IMO 1010222" is included in the reference of the wire transfer:

    i) Y.Co. S.A.M. or YCO SAM;

    ii) Y.Co. Group Plc;

    iii) Y.Co. Group Limited;

    iv) Russel Stockil;

    v) Yves Damette;

    vi) Charles Birkett;

    vii) Luna Crew IC Limited;

    viii) Trident Trust Company (Guernsey) Limited;

        ix) Mubarak Marine LLC;

        x) The Shipowner's Mutual P&I Association (Luxembourg);

        xi) Lloyd's Register.

2. Applicant is authorized to issue and serve subpoenas on Sotheby's Inc., Sotheby's Art Sales Corp. and/or Sotheby's Institute of Art (collectively, "Sotheby's"), all located within this District at 1334 York Avenue, for all correspondence, transaction and payment information in connection with Farkhad or the Discovery Subjects' transactions with Sotheby's or its affiliates beginning in 2014 to present.

3. Applicant is authorized to issue and serve subpoenas on Y.CO. NY Inc. for all documents, communications, contracts, payment instructions and transactions related to the Vessel, from January 1, 2015 to present.

4. The New York Banks, Sotheby's and Y.CO. NY Inc. shall produce the documents requested in their respective subpoenas within fourteen (14) days of service of the subpoena.

5. The New York Banks, Sotheby's and Y.CO. NY Inc. shall preserve documents and evidence, electronic or otherwise, in their possession, custody, or control that contain information potentially relevant to the subject matter of the Applicant's document request.

6. Notice of the discovery authorized by this Order need not be provided in accordance with the Federal Rules of Civil Procedure. Notice need not be provided to any of the individuals or entities named as a party in the foreign proceedings until such time as any *ex parte* relief requested in the foreign proceedings is obtained and served on such parties, or alternatively until such time as the responsive documents produced by the New York Banks, Sotheby's

or Y.CO. NY Inc. are otherwise submitted in the foreign proceedings, whichever occurs first.

7. The Court shall retain jurisdiction over the matter for the purpose of enforcement this Order, as appropriate, and assessing any supplemental request for discovery assistance by Applicant.

8. A copy of this Order shall be served with each discovery demand.

SO ORDERED.

Dated: New York, New York
       April 24, 2019

_____
J. PAUL OETKEN
United States District Judge