James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Fascimile:  (212) 385-9010
Email: james.power@hklaw.com
       marie.larsen@hklaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE APPLICATION OF
TATIANA AKHMEDOVA,

                Applicant,

REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782.

Civil Action No. 19-mc-26 (JPO)

### REPLY MEMORANDUM IN FURTHER SUPPORT OF APPLICANT'S MOTION TO COMPEL DISCOVERY PURSUANT TO 28 U.S.C. §1782

Applicant Tatiana Akhmedova ("Applicant"), by and through her undersigned counsel, Holland & Knight LLP, respectfully submits this Reply Memorandum in further support of her Motion to Compel the production of documents by Y.Co NY Inc. ("Y.Co NY") pursuant to a subpoena issued and served in accordance with a discovery Order issued by this Court pursuant to 28 U.S.C. § 1782 (Dkt. 28-30).  In response to the memorandum in opposition filed by Y.Co NY on July 27, 2020 (Dkt. 33-34), Applicant argues as follows:

### INTRODUCTION

In this action, Applicant properly sought and this Court considered and granted discovery in the United States relevant to certain foreign proceedings pursuant to 28 U.S.C. § 1782.  This

discovery included documents and information relevant to the judgment debtors' alter ego entities, and their use of the New York banking system as well as yacht manager Y.Co to facilitate transactions in furtherance of a fraud – the subject of various worldwide adjudicative proceedings, as set forth in the Section 1782 discovery applications. Additionally, during of the time of the applications, Applicant had a pending New York Supreme Court action in which she sought recognition of her foreign judgment in the United States in order to enforce her judgment against any of the judgment debtors with property in the United States. That recognition action is unrelated to the relief sought here.

Since the service of the subpoena on Y.Co NY in this action in September 2019, Y.Co NY has flatly ignored its obligation to produce the documents requested, namely, its file related to its employment on behalf of the M/Y LUNA, the mega-yacht owned by one of the judgment debtors. Following the service of an unrelated subpoena in the New York Supreme Court action, Y.Co NY has since made a limited production which is relevant to Applicant's U.S. enforcement in a separate proceeding. To the extent the subpoenas overlap in their requests for information, contrary to Y.Co NY's assertions, Y.Co NY objected to that request in the New York Supreme Court action, and continued to ignore the information request in this action.

Despite Y.Co NY's unexplained failure to provide any response or objection to the subpoena served here, it now requests that this Court quash the subpoena served on it over ten months ago, making various arguments about discovery undertaken in a separate action. Y.Co NY fails to meet its burden on a motion to quash (indeed, no cross-motion was actually filed), nor does it cite any caselaw or legal authority in support of its position. As set forth in more detail below, there is no basis to quash the subpoena on Y.Co NY where the subpoena was properly served, and documents responsive to the request have not been produced in the parallel

action. Further, this Court should reject Y.Co NY's distracting and false arguments concerning any purported misrepresentations on behalf of the Applicant, who at all times has fully advised the Court of any of all relevant parallel proceedings, which each involve their own separate and unrelated discovery.

**ARGUMENT**

I. **THE SUBPOENA DOES NOT FAIL TO COMPLY WITH THIS COURT'S DISCOVERY ORDER WHICH DIRECTS Y.CO NY TO COMPLY WITHIN 14 DAYS**

Y.Co NY has argued that the subpoena served by Applicant should be quashed because this Court's order directed that the discovery targets "shall produce the documents requested in their respective subpoenas within fourteen (14) days service of the subpoena" Dkt. 11. The provision in the Court's discovery order directs the subpoena recipients to respond within fourteen days, thus establishing an obligation of the various New York banks, and of Y.Co NY. The directive was included in the proposed order, and ultimately in the order issued by this Court in direct response to applicant's need to ensure a prompt response time from the discovery targets based on the need for use in the foreign proceedings. As this Court is aware, under the Federal Rules of Civil Procedure, a recipient of a subpoena must be given a reasonable amount of time to comply (*see* Fed. R. Civ. P. 45(d)(3)(A)(i)), which can ordinarily be considered anywhere from 10 to 30 days, depending on the circumstances. *E.g., Subair Sys., LLC v. Precisionare Sys., Inc*, No. 08-60570, 2008 WL 1914876, at *2 & n. 4 (S.D. Fla. Apr. 26, 2008) (ten days-notice reasonable under Fed. R. Civ. P. 45). Accordingly, this Court issued a proper directive for the subpoena recipients to respond within a specific, yet reasonable amount of time. *Brown v. Hendler*, No. 09-4486, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (noting that many courts have found fourteen days presumptively reasonable). Y.Co. NY's argument here

fails because Y.Co NY reads the order which was served on each of the discovery targets as imputing an obligation onto Applicant in drafting the subpoena, as opposed to an obligation on the recipient of the order and subpoena to promptly respond – a recipient such as Y.Co NY.  This is inconsistent with the plain meaning of the order's words.

Even if the Court were to read this provision as requiring Ms. Akhmedova to provide fourteen days to respond to a subpoena, failure to do so would not justify quashing the subpoena. First, Ms. Akhmedova has met her obligation where the Unsworn Declaration of Mr. James Foster confirms that the subpoena was served on September 17, 2019 (Dkt. 34 ¶ 12), consistent with the date of the subpoena.  The subpoena requested the production of documents 14 days from that date, on September 30, 2019.  While the affidavit of service signed by APS (attached to the Motion to Compel at Dkt. 29, Ex. 2) is dated September 27, 2019, any delay in service by the third party vendor was outside the control of Applicant.  Notwithstanding any of the above, any response date listed on the subpoena is moot where Y.Co NY has failed to meet the 14 day obligation to produce documents (or serve any objections) by a longshot.  Applicant would have certainly provided a reasonable extension of time necessary to provide a response to the subpoena, including an additional fourteen days in accordance with the Order.  Instead, Y.Co NY was served with the subpoena over ten months ago, despite Mr. Foster's confirmation that it received service of the subpoena from its agent for service of process in September 2019.  In December 2019 Y.Co NY's counsel confirmed that he had been retained for the purposes of this action, but provided no justification for his client's lack of response up to that point.  Despite these facts, since retaining counsel in December, Y.Co NY has still failed to provide any response to the subpoena served on it (as discussed further below).  Accordingly, there is no basis for Y.Co NY's request to quash the subpoena based on its misreading of the obligations

ordered by this Court in its discovery order, or based on the dating of the subpoena, which was ignored by Y.Co NY in any event.

## II. APPLICANT FULLY INFORMED THE COURT OF THE RELEVANT PARALLEL PROCEEDINGS AND DISCOVERY REQUESTS

Y.Co NY argues that Applicant has somehow misled this Court, on the basis that Applicant had various parallel proceedings pending against the relevant judgment debtors. But this argument is fully refuted by the record of this case. As this Court is aware, the two applications in this action requested discovery in aid of pending and contemplated foreign proceedings under 28 U.S.C. § 1782. Specifically, as set forth in the applications, information was sought in connection with a Republic of Marshall Islands ("RMI") discovery order in the first instance (with relief required here to obtain information in possession of the New York banks who are subject to New York jurisdiction), and later, follow up information as needed from the New York banks and from certain other entities such as Y.Co NY in support of a contemplated (and later, filed) English proceeding, among others. Applicant fully explained the worldwide nature of the litigation in which she is engaged in order to collect on a judgment of over GBP 500 million in the memoranda and declarations submitted to the Court in support of both applications. *See* Dkts. 3-4 and 8-9.

At the time of filing of the applications for discovery in aid of the foreign proceedings in January and April 2019, Applicant had filed an action for recognition of the foreign judgments pursuant to NY CPLR Article 53. Applicant did not initially mention the New York proceeding in its applications as it was irrelevant to a request for discovery in aid of specific foreign proceedings. Indeed, discovery aimed at litigating the issues in the RMI and England, namely the alter ego status of certain entities, was not pursued in the New York action as it was not the subject of the disputes raised in that case. Notwithstanding that fact, Applicant did fully advise

the Court of the New York action in a letter dated September 18, 2019 (Dkt. 18), in response to non-party Farkhad Akhmedov's letter submitted to the Court which alleged that Applicant merely sought discovery here as a work-around to the discovery processes in the New York action. Dkt. 17. As set forth in Applicant's letter in response, nothing in the New York action prevented discovery here in aid of the foreign proceedings. *Id.* Notably, once the supplemental application papers were unsealed in this case and Farkhad Akhmedov was able to view the basis of Applicant's discovery requests, he chose not to file the proposed motion to quash and never appeared in this action to challenge discovery. Applicant can only surmise that this Court agreed with her position that Section 1782 discovery was not in conflict with the New York Supreme Court action as nothing further was ordered.

An order was entered in the New York action granting Applicant's motion for summary judgment on September 30, 2019. As set forth and fully disclosed to this Court in connection with this motion to compel, having not received any response from Y.Co NY in response to its earlier-served SDNY subpoena, Applicant served a subpoena on Y.Co NY in the NY action in connection with its role as a garnishee of a bank account located in New York, and which was the subject of a motion for attachment in that case. This concurrent subpoena was fully disclosed to this Court at Dkt. 30 at 4 & nt. 2-3.

With respect to other U.S. discovery sought, by Y.Co NY's own admission, document requests served in Florida and Texas were noted in Applicant's papers, including a reference to documents bearing Y.Co bates numbers. Opp. Br. (Dkt. 33) at 4-5. Beyond the reference made there, Applicant did not include further detail because other discovery sought against entities located in those jurisdiction had no bearing on discovery sought in the SDNY. Y.Co NY has failed to demonstrate why this separate and unrelated discovery is relevant to the present motion.

Despite all of the foregoing, Y.Co NY attempts to paint a picture which suggests that Applicant has something to hide from this Court. Confusingly, Y.Co NY on the one hand cites reference made by Applicant to other discovery sought against Y.Co NY and its Florida affiliate, while on the other suggests that such discovery has not been adequately disclosed. Additionally, Y.Co fails to cite to any authority suggesting that a judgment debtor of various jurisdictions may not obtain discovery in different actions, against non-parties subject to personal jurisdiction in those locations, and where different issues are relevant to each litigation. There is nothing to suggest that the domestic discovery sought here, in furtherance of Applicant's collection of her now U.S. judgment precludes her obtaining discovery in aid of the adjudicative matters pending in the foreign jurisdictions. Applicant has fully disclosed all relevant proceedings to this Court, and if any detail is found lacking by Y.Co NY, it is because those parallel actions were not relevant to the discovery requested from this Court.

### III.  Y.CO NY WAS FULLY AWARE THAT APPLICANT SOUGHT SEPARATE DISCLOSURE IN THIS ACTION

Despite its failure to object to the subpoena served on it within the allowable time of fourteen days pursuant to Fed. R. Civ. P. 54(d)(2)(B), Y.Co NY now argues that not only was it impermissible for Applicant to serve it with two subpoenas, but that it was understood between the parties that its production of documents in one jurisdiction would be sufficient to respond to the subpoena served here. Dkt. 33 at 10. But Y.Co NY's argument contradicts its own recitation of events. As conceded by Y.Co NY, in December 2019, after Applicant discovered that Y.Co NY had retained counsel of record, undersigned counsel separately confirmed that counsel had also been retained in this action to respond to the subpoena served here. Power Decl. (Dkt. 29) ¶ 7; Dkt. 33 at 6. Counsel for Y.Co NY confirmed in the affirmative. *Id.* Thereafter, as described by Y.Co NY, a meet and confer call was held in January 2020 where the Y.Co NY's response to

both subpoenas was discussed. Dkt. 33 at 6. Applicant rejects counsel's representation, which is unsupported by any attorney affirmation, which states that the result of that call was that "Y.Co NY would proceed with the New York state court subpoena first" (Dkt. 33 at 6). Rather, counsel indicated that ***had not yet received or reviewed*** the SDNY subpoena from its client, and that he would revert as to Y.Co NY's response on that subpoena. During the many months of conferring which occurred as a result of Y.Co NY's insufficient and extremely delayed productions in the New York action, Applicant's counsel continually inquired as to the status of the SDNY subpoena response. *See* Dkt. 29. Counsel was continually assured that a separate response was forthcoming, but none was ever received. *Id.* Now, Y.Co NY attempts to argue that Applicant's expectation of a response to the SDNY subpoena is somehow a surprise.

As is referenced throughout the parties' submissions, the parties certainly disagree as to whether Y.Co NY has adequately responded to the fourteen (14) requests for documents included in the New York Supreme Court subpoena. But the adequacy of that response, or the effort undertaken by Y.Co NY in that action is not before this Court.[1] Y.Co NY's argument that the documents produced in the New York action are sufficient to respond to the request served here because they are allegedly duplicative should be rejected. Despite the fact that the request for the LUNA file was also included as one of the requests in the New York subpoena, Y.Co NY admits that it served an objection to that request in that action (Dkt. 33 at 10-11; Dkt. 33-2). This further confirms that Y.Co NY refused to answer this request in New York, and any documents produced in that action were in response to the thirteen other documents requests, which were centered around banking and wire transfer information. Applicant should not be denied her opportunity to litigate her right to these documents in this Court, where discovery was granted by

---

[1] If it were, as discussed by the parties in their 7 months of meet and confers, there are third party documents obtained in these litigations which demonstrate that Y.Co NY and its affiliates have substantial correspondence with third party entities, none of which were produced by Y.Co NY.

8

this Court and a subpoena has been properly served. Y.Co NY's service of an objection to the request in a separate action does not preclude relief here.[2]

### IV. THERE IS NO EVIDENCE OF UNDUE BURDEN OR EXPENSE ON THE PART OF Y.CO NY

Y.Co NY's argument that it has experienced an burden in gathering documents (Dkt. 33 at 11; Dkt. 34 (Foster Unsworn statement)) should be rejected as irrelevant by this Court, as those efforts were undertaken in a completely separate action, and not a single document was produced here. To the extent that Y.Co NY anticipates a burden in responding to the single information request here, as a non-party, Y.Co NY has the right to request reimbursement for significant expenses incurred in collection the information it has been directed to produce. *In re Novartis and Par Antitrust Litigation*, No. 18-4361, 2020 WL 3317203, at *5 (S.D.N.Y. June 18, 2020) (citing cases). To-date, Y.Co NY has made no such request. Nor has Y.Co NY submitted anything to support its contention that a request for the file held by Y.Co NY related to its employment for the vessel M/Y LUNA is unduly burdensome or expensive. To date, there have been no reported attempts to simply run a keyword search (such as "Luna", "Akhmedov" or the vessel's IMO number) through the records in Y.Co NY's possession or control, or to discuss narrowing the number of responsive documents that would result from such a search.

Finally, Y.Co NY cannot rely on alleged additional burdens created by its obligation to produce information during the current COVID pandemic. The subpoena at issue was served in September 2019, and the parties have been meeting and conferring since long before the pandemic started. Any burden created as a result of COVID is one of its own making. Additionally, Y.Co NY has failed to even serve any objections to this subpoena, a failure which

---

[2] If this Court were inclined to assume that Y.Co NY would make a similar objection here (although it is now precluded from doing so), Applicant notes that the basis for the objection is that the information is in the possession or control of a corporate affiliate, Y.CO SAM. Applicant has addressed these arguments in her motion to compel (Dkt. 30 at 5-6 (citing cases)), which legal authority Y.Co NY had not refuted in its opposition.

cannot be blamed on the pandemic. In light of the current circumstances, this Court should reject Y.Co NY's argument that it is not able to comply with the subpoena at this time.

### V. Y. CO NY'S PROPOSED CONFIDENTIALITY ORDER IS NOT APPROPRIATE HERE

Finally, Y.Co NY argues that if this Court directs it to make a production of documents responsive to the subpoena served in this action, that a protective agreement "substantially similar" to the one issued in New York should be ordered here. Dkt. 33 at 12. Y.Co NY's own reference to the New York protective order underscores why the production made in that action is not sufficient to meet its obligations here. Specifically, the documents produced in New York are subject to the terms of the protective order which state that "Confidential Information shall be utilized by the Receiving party and its counsel *only for purposes of this litigation and for no other purposes*." Dkt. 33 at Exhibit 3 ¶ 6 (emphasis added). Y.Co NY designated every single page of its New York production as "Confidential Information." Accordingly, it is clear that the documents produced in the New York action cannot be used in the foreign proceedings, which is the very purpose of this Section 1782 discovery request.[3] As such, any documents produced in this action should not be subject to such terms limiting their use. Applicant respectfully submits that the terms of Y.Co NY's non-disclosure agreement with its customer are overridden by its obligations to respond to a Court-ordered subpoena. Any confidentiality concerns can be adequately protected by limiting the use of the produced documents to filings under seal.

### CONCLUSION

Based on the foregoing, this Court should direct Y.CO NY's to produce all documents in its possession and/or control relating to the vessel M/Y LUNA.

---

[3] As recently as July 20, 2020, in response to a request by Applicant's counsel to waive the New York confidentiality stipulation to allow Applicant's English counsel to comply with an English court order directing disclosure of documents in her possession, Y.Co NY refused.

Dated: New York, New York
July 29, 2020

By: /s/ *James H. Power*
James H. Power
Marie E. Larsen
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3494
Facsimile: (212) 385-9010
Email: james.power@hklaw.com
marie.larsen@hklaw.com

*Attorneys for Applicant Tatiana Akhmedova*