# LAW OFFICES OF
# SIMON HARTER

225 W. 34th Street – 9th Floor      30 Nassau Street – Suite 460
New York, New York 10122      Princeton, New Jersey 08542
Tel: (212) 979-0250      Tel: (609) 688-8330
Fax: (212) 979-0251      Fax: (609) 688-8331
sharter@harterlaw.com      www.harterlaw.com

August 3, 2020

Hon. J. Paul Oetken, USDJ
US District Court for the Southern District of New York
Room 2101
40 Foley Square
New York, NY 10007

    Re:    In re Application of Tatiana Akhmedova
           Request for Discovery Pursuant to 28 U.S.C. § 1782
           Civil Action No. 19-mc-26 (JPO)

Dear Judge Oetken:

    We represent non-party Y.CO NY Inc., and with the Court's kind permission, we submit this sur-reply letter in response to the Applicant's *Reply Memorandum in Further Support of Applicant's Motion to Compel* [Docket No. 35] ("Reply").

A.    Applicant's False Dichotomy

    In her Reply, Applicant would have this Court believe that the subpoena she served on Y.CO NY in the New York state court action and the Subpoena in this case are "unrelated" Reply at 5, because the NY state court action is for the purpose of Applicant's U.S. enforcement of a domestic judgment, while this action is for discovery in aid of foreign proceedings. Reply at 2, 5. Applicant engaged in this misdirection, rather than acknowledging what she cannot credibly dispute: that the single document request comprising the Subpoena in this case is included among the document requests in the NY state court action to which Y.CO NY has already fully responded.

B.    Applicant's Claim of "Limited Response" to the NY State Court Subpoena

Notwithstanding Applicant's assertions and characterizations to the contrary, Y.CO NY has fully responded to all of the document requests in Applicant's NY state court subpoena, which include the very document request in the Subpoena in this case.[1]

If Applicant has any problem with the sufficiency of Y.CO NY's responses to the NY state court subpoena, she should pursue her complaint in the NY state court action. There, Judge James has dealt with an application for a temporary restraining order, an application for an order of attachment, a motion for contempt against Y.CO NY which was denied, a motion for summary judgment, and has just scheduled a hearing for August 19, 2020 on an Order to Show Cause brought by the Defendants in that action. Indeed, Applicant states that

Applicant gives no credible reason why she should be entitled to pursue a response to the identical document request in two separate courts, and then look to this Court when she is unhappy about Y.CO NY's response in the NY state court action.[2]

C.    Applicant's Astonishing Objection to a Confidentiality Order

In objecting to a confidentiality order in this case, Applicant completely ignores Y.CO NY contractual confidentiality obligations, which were the very basis for the Confidentiality Stipulation entered into between Applicant and Y.CO NY in the NY state court action. Yet Applicant comes to this Court to complain about the very language to which she stipulated.

More importantly, when the stipulation was drafted and executed, Applicant gave no indication that in accepting that language, she was then going to turn around and ask this Court to order YCO NY to respond to the very same request without any confidentiality protection whatsoever. Had she done so, we would have negotiated with Applicant's counsel on language that went further in accommodating both Applicant's need for discovery for other proceedings and YCO NY Inc's need to avoid being in breach of its contractual confidentiality obligations with respect to the requested documents.

---

[1] Applicant "rejects" the fact that it was agreed that Y.CO NY would respond to the NY state court subpoena first, perhaps without realizing that the agreement is evidenced by the very fact that Y.CO NY did so.

[2] In seeking to downplay the substantial burden on Y.CO NY to do a second search of all of its files and records, Applicant makes certain assertions about Y.CO NY not having taken specified actions in searching for documents. See Reply at 9. These assertions are utterly without factual basis.

<div align="right">August 3, 2020<br>Page 3</div>

We respectfully submit that since the documents sought in the Subpoena here are identical to those sought in the New York state court action, Applicant should be held the same terms of confidentiality to which she agreed in that action.

D.   <u>Applicant's Blatant Misrepresentation to this Court</u>

Applicant states the following in her Reply:

*As recently as July 20, 2020, in response to a request by Applicant's counsel to waive the New York confidentiality stipulation to allow Applicant's English counsel to comply with an English court order directing disclosure of documents in her possession, **<u>Y.Co NY refused</u>**. Reply at 10, fn. 3. (emphasis added).*

<u>This is a falsehood</u>.  In our response of July 20, 2020, we expressed our concern that under the circumstances described by Applicant's counsel under which the documents would be used in the English proceedings, the protection of the Confidential Information would be very limited, far more so than under the Confidentiality Stipulation.  In our letter to Applicant's counsel, we specifically stated as follows:

*The positions stated herein are not intended to be contentious or in any way obstructive. To the contrary, they are necessitated by the contractual confidentiality obligations imposed upon Y.CO NY and its related companies. Y.CO NY is willing to consider and discuss any suggestions Plaintiff might wish to offer as to how Y.CO NY can accommodate her request consistent with its contractual confidentiality obligations.*

In the two weeks since then, Applicant's counsel has not responded, undoubtedly because it is hoping that this Court will order Y.CO NY to produce confidential documents without any confidentiality protection whatsoever, which would put Y.CO NY squarely in breach of its contractual confidentiality obligations.

We thank the Court for its kind attention.

<div style="margin-left: 50%;">
Respectfully submitted,

*/s/ Simon Harter*

Simon Harter
</div>